730 So.2d 861 (1999)
James Robert KALWAY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1390.
District Court of Appeal of Florida, First District.
May 5, 1999.
*862 James Robert Kalway, Appellant, Pro Se.
Robert A. Butterworth, Attorney General; Charlie McCoy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
James Robert Kalway (Kalway) has appealed an order of the trial court dismissing Kalway's civil complaint for failure to comply with a case management order. The case management order required Kalway to file information showing activity in his prisoner bank/trust account pursuant to his request for indigency status. Kalway asserts, inter alia, that the requirement made necessary by section 57.085, Florida Statutes, is procedural and thus unconstitutional, because it violates the Florida constitutional requirement of strict separation of powers. Kalway further asserts that subjecting the funds in his prisoner trust account to be used for payment of court costs and fees violates his homestead exemption rights under Article X, section 4, of the Florida Constitution. We affirm.
The thrust of section 57.085 is undoubtedly substantive. The parties agree that the right of indigents to proceed without payment of court costs and fees is a matter of substantive law properly defined by the legislature. See Amos v. Department of Health & Rehabilitative Services, 416 So.2d 841, 842 (Fla. 1st DCA), review dismissed, 421 So.2d 517 (Fla.1982). A decision whether to subject a prisoner's trust account to payment of court costs and fees is clearly a subjective determination appropriately made by the legislature.
Nevertheless, we do find that section 57.085 contains directives, which are not binding on the supreme court, concerning the manner in which the substantive objectives are to be reached. Under the Florida Constitution, only the Florida Supreme Court has the power to adopt rules for the practice and procedure in all courts of this state. See Art. II, § 3, Fla. Const.; Markert v. Johnston, 367 So.2d 1003 (Fla.1978). The procedural aspects of the law under examination in this case are minimal and do not void the statute, because they are intended to implement the substantive provisions of the law. See Smith v. Department of Insurance, 507 So.2d 1080, 1092 (Fla.1987). That is, the procedural portions of section 57.085 do not appear to conflict with any existing court rule or procedure, and most especially they do not conflict with rule 2.030(b)(3) of the Florida Rules of Judicial Administration, or rule 9.430 of the Florida Rules of Appellate Procedure, as urged by appellant. If the procedural elements of the statute were found to intrude impermissibly upon the procedural practice of the courts, the legislative provisions would have to give way to the court rules and procedures. Further, the legislative provisions do not bar the Florida Supreme Court's future adoption of specific rules designed to carry out the substantive goals of section 57.085. In short, we do not view the subject legislative enactment as an intrusion into the practice and procedure of the Florida judiciary.
Moreover, we find no merit in Kalway's argument that his homestead exemption rights are offended by the statute. Suffice it to say that Florida's constitutional protection of the homestead of its citizens has no connection with, and offers no shelter to, a prison inmate who has no dependents, no expenses, and no debts.
Accordingly, we affirm in all respects the trial court's ruling concerning Kalway's indigency status.
JOANOS, MINER and DAVIS, JJ., CONCUR.