906 So.2d 1045 (2005)
STATE of Florida, Appellant,
v.
Marti Cassandra RAYMOND, Appellee.
No. SC03-1263.
Supreme Court of Florida.
June 30, 2005.
*1047 Charles J. Crist, Jr., Attorney General, Tallahassee, FL, Richard Polin, Miami Bureau Chief, and John D. Barker, Assistant Attorney General, Miami, FL, for Appellant.
Bennett H. Brummer, Public Defender, and John Eddy Morrison, Assistant Public Defender, Eleventh Judicial Circuit, Miami, FL, for Appellee.
QUINCE, J.
We have on appeal a decision of the Third District Court of Appeal declaring section 907.041(4)(b), Florida Statutes (2000), invalid. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. For the reasons explained below, we affirm the decision of the Third District and hold that section 907.041(4)(b), Florida Statutes (2000), is purely procedural and therefore an unconstitutional violation of the separation of powers clause of the Florida Constitution.

FACTS
On Thursday, January 31, 2002, Marti Cassandra Raymond was arrested and charged with misdemeanor battery that involved domestic violence. The next day, Friday, February 1, Raymond was brought before the county court for her first appearance. The county court found that Raymond qualified for nonmonetary release to pretrial services (PTS) because she had no prior offenses.[1] Despite making a finding that Raymond qualified, the court found that it could not grant nonmonetary pretrial release, citing section 907.041(4)(b), Florida Statutes (2000). The court set bond at $1,500, and then scheduled a second hearing for 8:30 a.m. the following Monday, February 4, 2002.[2] *1048 Section 907.041(4)(b) provides in pertinent part:
No person charged with a dangerous crime shall be granted nonmonetary pretrial release at a first appearance hearing. . . .
§ 907.041(4)(b), Fla. Stat. (2000) (emphasis added). Misdemeanor domestic violence is classified as a dangerous crime. See § 907.041(4)(a)(18). Because Raymond was charged with committing a dangerous crime, even though she was otherwise eligible for nonmonetary pretrial release at her first appearance, the court was required to set a bond.
Raymond could not afford to post the $1,500 bond. She remained in jail through the weekend, until the second scheduled appearance the following Monday morning. During that time, Raymond filed a motion seeking nonmonetary pretrial release, alleging that section 907.041(4)(b) was unconstitutional because it created a procedural rule that regulated the timing of her eligibility for release to PTS. The county court denied Raymond's motion but certified to the appellate division of the Eleventh Judicial Circuit court the following question as one of great public importance:
DOES SECTION 907.041(4)(b), FLORIDA STATUTES (2000), IMPERMISSIBLY INTRUDE UPON THE SUPREME COURT'S RULE MAKING AUTHORITY IN VIOLATION OF THE SEPARATION OF POWERS CLAUSE OF ARTICLE II, SECTION 3, OF THE FLORIDA CONSTITUTION?
Raymond filed a petition for writ of habeas corpus with the Third District Court of Appeal. The Third District remanded this issue to the Eleventh Judicial Circuit's Appellate Division. The Eleventh Circuit held that section 907.041 was a purely procedural rule that interfered with this Court's rulemaking authority. The State appealed, and the Third District per curiam affirmed with a short opinion, incorporating the Eleventh Circuit's opinion holding that section 907.041(b)(4) is unconstitutional as a procedural rule which encroaches on the Florida Supreme Court's exclusive rulemaking power. The State now appeals.

Law and Analysis
It is a well-established principle that a statute which purports to create or modify a procedural rule of court is constitutionally infirm. Markert v. Johnston, 367 So.2d 1003 (Fla.1978); Military Park Fire Control Tax Dist. No. 4 v. DeMarois, 407 So.2d 1020 (Fla. 4th DCA 1981). This principle is grounded in article V, section 2(a) of the Florida Constitution, which states that the Florida Supreme Court shall adopt rules for the practice and procedure in all courts. Furthermore, the constitution provides that powers constitutionally bestowed upon the courts may not be exercised by the Legislature. See art. II, § 3, Fla. Const. The terms practice and procedure "encompass the course, form, manner, means, method, mode, order, process or steps by which a party enforces substantive rights or obtains redress for their invasion. `Practice and procedure' may be described as the machinery of the judicial process as opposed to the product thereof." In re Fla. Rules of Criminal Procedure, 272 So.2d 65, 66 (Fla.1972) (Adkins, J., concurring). In other words, practice and procedure is the method of conducting litigation involving rights and corresponding defenses. Skinner v. City of Eustis, 147 Fla. 22, 2 So.2d 116 (1941).
On the other hand, matters of substantive law are within the Legislature's domain. Substantive law has been defined as that part of the law which creates, defines, and regulates rights, or that part of the law which courts are established to *1049 administer. State v. Garcia, 229 So.2d 236 (Fla.1969). It includes those rules and principles which fix and declare the primary rights of individuals with respect to their persons and property. Adams v. Wright, 403 So.2d 391 (Fla.1981).
In this case, we must consider whether section 907.041(4)(b), is purely procedural or a matter of substantive law. We must also address whether the statute properly modified or amended Florida Rule of Criminal Procedure 3.131. If the provision is purely procedural, then it is an unconstitutional invasion of this Court's rulemaking authority conferred by the Florida Constitution, and it is invalid. Section 907.041 delineates the crimes which are considered "dangerous crimes" for purposes of this act. See § 907.041(4)(a), Fla. Stat. (2000). Included in this delineation is an act of domestic violence. Subsection (4)(b) of the statute states that a person charged with one of the dangerous crimes cannot be granted nonmonetary pretrial release at the first appearance.
Both the trial and appellate courts found this statute to be purely procedural. The State argues, however, that any procedural aspect to the statute is incident to the substantive aspects, and thus the statute is constitutional. As the trial court found in this case, there are some substantive statutes that permissibly include procedural elements. See Kalway v. State, 730 So.2d 861, 862 (Fla. 1st DCA 1999) (holding that when a statute has procedural elements, the court must then decide whether those elements impermissibly intrude upon the procedural practice of the courts). At issue in Kalway was section 57.085, Florida Statutes (1997), which required Kalway to file information showing activity in his prisoner bank account pursuant to his request for indigency status. Although the statute had procedural aspectsit contained directives concerning the manner in which the substantive objective was to be reachedthe "thrust" of the statute involved the right of indigents to proceed without payment of court costs, which was undoubtedly a substantive matter. The minimal procedural aspect of the statute was proper in order to implement the substantive law, and the procedural aspect did not conflict with any existing court rule nor did it bar the Supreme Court from adopting specific rules designed to carry out the substantive goal of section 57.085.
Although we found in Kalway that section 57.085 did intrude on the practice and procedure of the courts, it did not "impermissibly" do so. See also Caple v. Tuttle's Design-Build, Inc., 753 So.2d 49 (Fla.2000) (holding that the statute at issue creates substantive rights and any procedural provisions were merely incidental to those rights); Smith v. Dep't of Ins., 507 So.2d 1080, 1092 n. 10 (Fla.1987) (finding that when procedural sections are directly related to the substantive statutory scheme, then those provisions do not violate the separation of powers clause of the Florida Constitution); VanBibber v. Hartford Accident & Indem. Ins. Co., 439 So.2d 880, 883 (Fla.1983) (holding that statute that prohibited joinder of insurers was within the Legislature's power to regulate insurance industry, though it affected joinder of parties in courts).
However, where there is no substantive right conveyed by the statute, the procedural aspects are not incidental; accordingly, such a statute is unconstitutional. See, e.g., Knealing v. Puleo, 675 So.2d 593 (Fla.1996). In this case, the Legislature altered the trial court's standard practice of granting PTS release at the first appearance hearing if the requirements of PTS release were met. Under the revised statute, if the defendant is accused of committing one of the specified crimes (in this case, misdemeanor domestic *1050 violence), the trial court may only grant nonmonetary release at a hearing held after the first appearance. The State argues that the statute is substantive in nature for several reasons. First, the State argues that the amendment alters the presumption from favoring nonmonetary release to a presumption against nonmonetary release when the defendant is charged with a dangerous crime. That presumption is found in the following statutory provision:
(3) Release on nonmonetary conditions.
(a) It is the intent of the Legislature to create a presumption in favor of release on nonmonetary conditions for any person who is granted pretrial release unless such person is charged with a dangerous crime as defined in subsection (4). Such person shall be released on monetary conditions if it is determined that such monetary conditions are necessary to assure the presence of the person at trial or at other proceedings, to protect the community from risk of physical harm to persons, to assure the presence of the accused at trial, or to assure the integrity of the judicial process.
§ 907.041(3)(a), Fla. Stat. (2001) (emphasis added).
We do not agree that a change in the presumption in section 907.041(3)(a) means that a change to section 907.041(4)(b) is substantive. The change in presumption does not affect the defendant's eligibility for nonmonetary pretrial release. Any defendant who was eligible for nonmonetary pretrial release is still eligible for nonmonetary pretrial release. The statutory provision granting this right was fixed in a portion of the statute that is not at issue here. Because the right to nonmonetary pretrial release is not itself at issueany person entitled to PTS nonmonetary release before the amendment is still entitled to it after the amendmentthis is not a substantive provision. The provision at issue here merely affects the timing of the release on nonmonetary conditions.
The State next asserts, citing to State Department of Health & Rehabilitative Services v. Golden, 350 So.2d 344 (Fla.1976), that the amendment concerns itself with the period of time that a defendant accused of a violent crime must be held before nonmonetary release, thus making it substantive and not purely procedural. In Golden, the Court addressed a statute that set forth the period of time a juvenile may be detained prior to a judicial hearing. The provision setting forth the period of time a juvenile may be held before making a first appearance was considered substantive and within the prerogative of the Legislature so long as the time for holding the juvenile did not violate the constitution. The statute at issue in Golden is distinguishable from the statute that is presently before us. In this case, section 907.041(4)(b) does not set forth a specific period of time that a defendant must be detained before a judicial hearing. In fact, even the State agrees that the trial court could have called Raymond's case for a second hearing immediately following her initial appearance. If trial courts choose to hold a second hearing immediately following the first appearance, the judicial workload would certainly be increased and the judicial system affected. In essence, the trial judge, the assistant state attorney, and the defense counsel will need to schedule more time for two hearings to address the same subject without having any additional information.
The State also argues that the amendment is substantive in nature because it ensures that a "dangerous criminal" is thoroughly investigated for PTS eligibility before being released. However, the amendment does not require any additional *1051 investigation or legal or factual findings before a defendant's eligibility can be determined. The same investigation and recommendation that the judge utilized before the amendment to determine whether a defendant is eligible is used after the amendment. Thus, the delay serves no substantive purpose.
Importantly, prior to the 2000 amendment, Florida Rule of Criminal Procedure 3.130(d) required the trial judge to determine and impose the conditions of pretrial release pursuant to rule 3.131 at the first appearance hearing. Rule 3.131(b) pertains to the first appearance hearing and states that the court "shall conduct a hearing to determine pretrial release." Rule 3.131(b)(1)(D) provides that, at first appearance, one of the pretrial release conditions to be considered is "placement of the defendant in the custody of a designated person or organization agreeing to supervise the defendant." PTS qualifies as the designated person or organization referred to in the rule. In 2000, the Legislature amended section 907.041, and repealed "Rules 3.131 and 3.132, Florida Rules of Criminal Procedure, relating to pretrial release and pretrial detention, to the extent of inconsistency with the act." Ch. 00-178, § 5, at 1909, Laws of Fla. The session law is inconsistent with rules 3.131 and 3.132 on the issue of whether certain defendants will be considered for nonmonetary pretrial release at the first appearance hearing. The rules require the judge to determine and impose the conditions of pretrial release at the first appearance hearing for all defendants, but the session law prohibits such consideration for certain defendants by specifying that "[n]o person charged with a dangerous crime shall be granted nonmonetary pretrial release at a first appearance hearing." Thus, those portions of the rules which require the trial judge to determine and impose the conditions of pretrial release for persons charged with a dangerous crime at the first appearance, including nonmonetary conditions, have been repealed by the Legislature.
Although the Legislature may repeal a court procedural rule, it cannot create a new procedural rule by statute. See Allen v. Butterworth, 756 So.2d 52, 59 (Fla.2000); In re Clarification of Florida Rules of Practice & Procedure, 281 So.2d 204 (Fla.1973) (declaring unconstitutional certain laws that attempted to rewrite the rules of appellate procedure). In this case, the Legislature repealed a portion of two procedural rules;[3] however, by enacting section 907.041(4)(b), which is a rule of procedure affecting the timing of a defendant's eligibility for pretrial release to PTS, it also imposed a new procedural rule, essentially rewriting the Rules of Criminal Procedure. This the Legislature may not do. Because we find section 907.041(4)(b) unconstitutional, and because the Legislature repealed those portions of rules 3.131 and 3.132 that require trial judges to consider nonmonetary pretrial release at the first appearance hearing for defendants charged with dangerous crimes, including domestic violence, a vacuum now exists concerning when trial judges may consider these defendants for nonmonetary pretrial release. Therefore, we temporarily readopt rules 3.131 and 3.132 in their entirety and publish the rules for comment concerning whether they should be amended to reflect the Legislature's intent as demonstrated in section 907.041. We are particularly concerned that we be fully informed as to the policy concerns of the Florida Legislature *1052 before we take any final action on these rules. For that reason, we expressly invite the Legislature to file comments particularly addressing the policy concerns that the Legislature was attempting to address by enacting section 907.041(4)(b).

Conclusion
For these reasons, we affirm the Third District's decision which affirmed the Eleventh Judicial Circuit Appellate Division's decision to declare section 907.041(4)(b) an unconstitutional violation of the separation of powers in article II, section 3 of the Florida Constitution.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, and CANTERO, JJ., concur.
LEWIS and BELL, JJ., dissent.
NOTES
[1] PTS programs "are county-based programs which exist in close to half of Florida's counties . . . [as] cost-savings mechanisms." Fla. S. Comm. on Crim. Just., CS for SB 134 (2000) Staff Analysis 2 (Jan. 20, 2000) (on file with comm.). "These programs are designed to alleviate the pretrial populations in county jails by screening defendants when they are arrested to determine those who are a safe risk for release pending trial. . . . Many defendants released into a pretrial services program are supervised and subject to home visits, electronic monitoring, or required to receive drug treatment." Id. PTS programs are not expressly addressed in the Florida statutes, but the statutes do address pretrial release on nonmonetary conditions, which is a central feature to pretrial services programs. Legislative intent creates a presumption in favor of release on nonmonetary conditions for any person granted pretrial release. See § 903.046, Fla. Stat. (2000).
[2] The court did not consider electronic monitoring, another form of nonmonetary pretrial release. In its written order, the trial court stated that the facts and circumstances warranting release on electronic monitoring have included pregnancy, critical illness, and charges made by unsworn affidavits.
[3] To pass the portion of the session law that repealed rules 3.131 and 3.132 to the extent of inconsistency with the act, the Legislature needed at least a two-thirds affirmative vote. That requirement was met when both houses passed the bill unanimously.