965 So.2d 160 (2007)
PENINSULAR PROPERTIES BRADEN RIVER, LLC, and Manatee River Corporation, Appellants,
v.
CITY OF BRADENTON, FLORIDA, Appellee.
No. 2D06-5302.
District Court of Appeal of Florida, Second District.
August 1, 2007.
Rehearing Denied October 5, 2007.
*161 Monterey Campbell, III of GrayRobinson, P.A., Lakeland, and Mark S. Bentley and Colleen M. Fitzgerald of GrayRobinson, P.A., Tampa, for Appellants.
William R. Lisch, City Attorney, Bradenton, and Caleb J. Grimes and Derin Parks of Grimes, Goebel, Grimes, Hawkins, Gladfelter & Galvano, P.L., Bradenton, for Appellee.
WHATLEY, Judge.
Peninsular Properties Braden River, LLC, and Manatee River Corp. ("Peninsular") challenge a final order dismissing their petition for writ of certiorari seeking to overturn the City of Bradenton's rejection of their application for a planned development project. The trial court dismissed their petition based on a finding that it was untimely filed. The court rejected Peninsular's reliance on the tolling provision of section 70.51(10)(a), Florida Statutes (2005), of the Florida Land Use and Environmental Dispute Resolution Act ("the Act") on the ground that the statute is an unconstitutional infringement on the supreme court's rule-making authority. Art. V, § 2(a), Fla. Const. The trial court erred in finding section 70.51(10)(a) unconstitutional, and we therefore reverse.
This court conducts de novo review of a trial court's determination that a statute is unconstitutional. See City of Miami v. McGrath, 824 So.2d 143 (Fla.2002). "`[W]e are obligated to accord legislative acts a presumption of constitutionality and to construe challenged legislation to effect a constitutional outcome whenever possible.'" Fla. Dep't of Revenue v. City of Gainesville, 918 So.2d 250, 256 (Fla.2005) (quoting Fla. Dep't of Revenue v. Howard, 916 So.2d 640, 642 (Fla.2005)).
The Act, which is set forth in section 70.51, provides an alternative dispute resolution mechanism in quasi-judicial proceedings concerning development orders. It is a voluntary mechanism whereby a special magistrate facilitates resolution of the conflict between the property owner and the governmental entity that issued the development order. § 70.51(17)(a). If a property owner initiates a proceeding under the Act, section 70.51(10)(a) tolls the time for seeking judicial review until the governmental entity acts upon the special magistrate's recommendation.
After Peninsular obtained approval of its planned development project application from the Bradenton Planning Commission, the City of Bradenton City Council held a hearing on the application and ultimately denied it. Peninsular then initiated proceedings under the Act but soon determined that a settlement with the City was not going to be forthcoming. Consequently, it filed a petition for writ of certiorari in the circuit court. Because that petition was filed more than thirty days after the City's order denying approval of Peninsular's application, the City filed a motion to dismiss the petition as untimely pursuant to Florida Rule of Appellate Procedure 9.100(c)(1). The City raised its constitutional challenge to section 70.51(10)(a) in its motion to dismiss.
After a hearing on the City's motion, the circuit court determined that section 70.51 is both substantive and procedural but found that the procedural provision in section 70.51(10)(a) infringed on the supreme court's exclusive rule-making authority. However, "there are . . . circumstances *162 where a legislative provision which would be deemed procedural if viewed in isolation will nonetheless be upheld against a challenge under article V, section 2(a) because of the connection between that provision and substantive provisions adopted by the legislature." Cartwright v. State (In re Commitment of Cartwright), 870 So.2d 152, 158 (Fla. 2d DCA 2004). The supreme court has "consistently rejected constitutional challenges where the procedural provisions were intertwined with substantive rights." Caple v. Tuttle's Design-Build, Inc., 753 So.2d 49, 54 (Fla. 2000).
The intent of the Florida Land Use and Environmental Dispute Resolution Act is to encourage mediation, and that intent is facilitated by the tolling of the time required to file an action in court. Because the procedural tolling provision of subsection 70.51(10)(a) is intertwined with the remainder of the statute, the circuit court erred in finding section 70.51(10)(a) unconstitutional. Accordingly, we reverse and remand for proceedings consistent with this opinion.
Reversed and remanded.
FOSTER, ROBERT A., Associate Judge, Concurs.
CASANUEVA, J., Dissents with opinion.
CASANUEVA, J., Dissenting.
At issue is whether section 70.51(10)(a), Florida Statutes (2005), is unconstitutional. This subsection gives a property owner a legislatively crafted right to seek a proceeding before a special magistrate to review either a local development order or a local enforcement action and identifies the time period available to the property owner to seek such review. The statute also provides that "[i]nitiation of a proceeding tolls the time for seeking judicial review of a local government development order or enforcement action until the special magistrate's recommendation is acted upon by the local government." Unquestionably, the legislature inserted this tolling provision to encourage property owners to use this alternate review procedure before resorting to judicial action.
The trial court concluded "the tolling provision of the statute is not merely incidental, but rather intrusive, and conflicts with the strict 30-day provision established by the Florida Supreme Court in Rule 9.100(c) by creating a procedural condition that extends the well-established jurisdictional time limits for seeking judicial review." Accordingly, the trial court held the tolling provision impermissibly trespassed upon the supreme court's constitutional and exclusive rule-making authority, thus rendering the legislative provision unconstitutional as violative of the Separation of Powers Doctrine. See State v. Raymond, 906 So.2d 1045, 1048 (Fla.2005) ("It is a well-established principle that a statute which purports to create or modify a procedural rule of court is constitutionally infirm. This principle is grounded in article V, section 2(a) of the Florida Constitution. . . ."). The majority takes no issue with the trial court's finding that the tolling provision is proceduralnor do I. See Ong v. Guido Props., 668 So.2d 708, 711 (Fla. 5th DCA 1996) (holding that the tolling provision of a mediation statute violates the doctrine of separation powers and is unconstitutional). The majority then concludes that the procedural aspect of the statute is sufficiently "intertwined" with the substantive portion of the statute to pass constitutional muster. It is with this latter conclusion that I respectfully disagree.
I recognize, along with the majority, that "[t]here are some substantive statutes that permissibly include procedural elements." *163 Raymond, 906 So.2d at 1049 (citing Kalway v. State, 730 So.2d 861, 862 (Fla. 1st DCA 1999) (holding that when a statute has procedural elements, the court must then decide whether those elements impermissibly intrude upon the procedural practice of the courts) (emphasis by the court in Raymond)). The supreme court has "consistently rejected constitutional challenges where the procedural provisions were intertwined with substantive rights." Caple v. Tuttle's Design-Build, Inc., 753 So.2d 49, 54 (Fla.2000). This court has found such intertwining if invalidating the procedural provision would fundamentally alter or disrupt the substantive statutory scheme that the legislature established. Cartwright v. State (In re Commitment of Cartwright), 870 So.2d 152, 162 (Fla. 2d DCA 2004). In my view, removing the procedural aspect of section 70.51(10)(a) does not alter or disrupt the substantive statutory scheme; thus, the procedural aspect is not sufficiently "intertwined" with the substantive portion of the statute, resulting in a conclusion that the legislature has impermissibly taken on the Florida Supreme Court's exclusive procedural rule-making authority.
Our supreme court considered a similar statute that contained both substantive and procedural components in Jackson v. Florida Department of Corrections, 790 So.2d 381 (Fla.2000). There, the challenged statute regulated the substantive right of indigents to proceed without payment of certain court costs. The statute also contained a procedural component requiring inmates to file copies of documents relating to their prior legal actions before the court could make an indigency determination. See § 57.085(7), Fla. Stat. (1997). Our supreme court decided that the procedural prerequisite conflicted with Florida Rule of Appellate Procedure 9.430 and struck down the copy requirement portion of the statute. The court held: "Under such circumstances, this Court has the authority, perhaps even the duty, to declare the copy requirement portion of the Prisoner Indigency Statute void and state that the judiciary will not comply with it or require that inmates comply with it." Jackson, 790 So.2d at 385-86. The court left undisturbed the substantive rights the statute created. Id. at 386.
The First District Court of Appeal considered a similar statute, § 57.085, Fla. Stat. (Supp.1996), in Kalway v. State, 730 So.2d 861, 862 (Fla. 1st DCA 1999). Section 57.085 provided indigents the right to proceed in certain cases without the payment of court costs and other fees. In addition to providing this substantive right, the legislation enacted procedural provisions necessary to implement the substantive right. Id. The First District determined the procedural aspects were minimal and did not impermissibly intrude upon the procedural practice of the courts, noting that the procedural components of the legislation did not appear to conflict with any existing court rule or procedure. The court then declared, "[i]If the procedural elements of the statute were found to intrude impermissibly upon the procedural practice of the courts, the legislative provisions would have to give way to the court rules and procedures." Id.
As a further example, in Caple, 753 So.2d 49, the supreme court reviewed the constitutionality of section 702.10(2), Florida Statutes (1997), which created a substantive right allowing a commercial mortgagor to petition for previously nonexistent remedies, e.g., a stay of an order to continue mortgage payments, by posting a bond. Id. at 54. Coupled with this new statutory right, the legislature shortened certain time periods involved in foreclosure actions. Relying on the House bill analysis, the court determined the shorter time periods for foreclosure actions *164 were needed to protect the rights of the mortgagee. The court held, "the statute creates substantive rights and any procedural provisions are directly related to the definition of those rights. . . ." 753 So.2d at 55. In other words, the court found that removing the procedural components would impair the substantive rights created by the statute. Because of this close relationship, i.e., this "intertwining" of the substantive and procedural, the court concluded the legislation was constitutional.
In the instant case, there is no similar relationship. The tolling provision is not involved in the functioning of the special magistrate's review proceeding, the substantive right the legislation provides. Invalidating and excising this procedural provision will do no harm to the remainder of the substantive portion pertaining to the special magistrate's review proceedings. A party can secure review by the special magistrate as well as protect its right to appeal by complying with both the statute and the appellate rulesa procedure that I readily concede may be cumbersome.[1] Nonetheless, this process ensures constitutional compliance.
Aside from examining the intertwining nature of the substantive and procedural portions of this statute, I agree with the trial court that this tolling provision directly contravenes the well-established thirty-day time period for petitioning for certiorari established in Florida Rule of Appellate Procedure 9.100(c). Allowing implementation of the tolling provision in dispute would, in effect, repeal the rule in this context. Given the conflict, this legislative attempt to modify a rule of appellate procedure is constitutionally infirm. I would sever the unconstitutional tolling provision from the statute and adhere to the requirement that petitions for certiorari be filed within the court-mandated thirty-day time period.
Although I dissent from the holding that the tolling provision is constitutional, I concur with the majority's determination that appellants are entitled to proceed because they followed the statute in good faith. A determination that the statute is unconstitutional should, in my view, be applied only prospectively. Bush v. Holmes, 919 So.2d 392 (Fla.2006); Deltona Corp. v. Bailey, 336 So.2d 1163 (Fla.1976); Interlachen Lakes Estates v. Snyder, 304 So.2d 433 (Fla.1973).
NOTES
[1] To secure review by the court, the affected party should, as normal, petition for certiorari within the 30-day limit of Florida Rule of Appellate Procedure 9.100(c), then request a stay while the party pursues the special magistrate procedures outlined in section 70.51(10)(a). This is not unlike the procedure Florida Rule of Criminal Procedure 3.800(b)(2) provides, where this court extends the time to file an appellate brief while the trial court considers a motion to correct a sentencing error.