998 So.2d 1 (2008)
BDO SEIDMAN, LLP, Appellant,
v.
BANCO ESPIRITO SANTO INTERNATIONAL, LTD., ESB Finance, Ltd. and Banco Espirito Santo, S.A. (Nassau Branch), Appellees.
Nos. 3D07-2472, 3D07-2746.
District Court of Appeal of Florida, Third District.
April 16, 2008.
Greenberg, Traurig and Elliot H. Scherker and Elliot B. Kula, Miami; Greenberg Traurig and Karen Y. Bitar, Adam D. Cole and Caroline J. Heller, New York; Alvarez, Armas & Borron and Arturo Alvarez, Coral Gables, for appellant.
Holland & Knight and Rodolfo Sorondo, Jr. and Christopher N. Bellows, Miami; Thomas Alexander & Forrester and Steven W. Thomas and Emily Alexander, California; Berger Singerman and Mitchell W. Berger and Rene D. Harrod, Ft. Lauderdale; Berger & Singerman and James C. Cunningham, Jr., Miami; Billbrough & Marks and Geoffrey B. Marks, Coral Gables; Gonzalo Dorta; Gamba & Lombana and Hector Lombana, for appellees.
William W. Large, for the American Tort Reform Association and the Florida Justice Reform Institute as Amicus Curiae.
Before COPE, WELLS, and SUAREZ, JJ.

On Motion for Review
WELLS, Judge.
BDO Seidman, the judgment debtor below, seeks review of an order denying its motion to quash a notice of taking deposition subpoena duces tecum in aid of execution filed by Banco Espirito Santo International, Ltd., ESB Finance, Ltd., and Banco Espirito Santo S.A. (Nassau Branch) (collectively "Banco Espirito"), the judgment creditor below. BDO claims that the trial court erred in allowing Banco Espirito to proceed with discovery in aid of execution after BDO posted a fifty million dollar bond to stay execution as authorized by section 45.045 of the Florida Statutes:
(1) Except for certified class actions subject to s. 768.733, in any civil action *2 brought under any legal theory, the amount of a supersedeas bond necessary to obtain an automatic stay of execution of a judgment granting any type of relief during the entire course of all appeals or discretionary reviews, may not exceed $50 million for each appellant, regardless of the amount of the judgment appealed. The $50 million amount shall be adjusted annually to reflect changes in the Consumer Price Index compiled by the United States Department of Labor.
§ 45.045(1), Fla. Stat. (2007) (Ch. 2006-280, § 1, Laws of Florida, effective July 1, 2006) (emphasis added).
Banco Espirito claims that the trial court correctly refused to stay discovery in aid of execution because this provision unconstitutionally infringes on the Florida Supreme Court's rule-making authority over procedural matters[1] as evidenced by Florida Rule of Appellate Procedure 9.310, which in part provides:
(a) Application. Except as provided by general law and in subdivision (b) of this rule, a party seeking to stay a final or non-final order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify, or deny such relief. A stay pending review may be conditioned on the posting of a good and sufficient bond, other conditions, or both.
(b) Exceptions.
(1) Money Judgments. If the order is a judgment solely for the payment of money, a party may obtain an automatic stay of execution pending review, without the necessity of a motion or order, by posting a good and sufficient bond equal to the principal amount of the judgment plus twice the statutory rate of interest on judgments on the total amount on which the party has an obligation to pay interest. Multiple parties having common liability may file a single bond satisfying the above criteria.
Fla. R. App. P. 9.310(a)-(b)(1) (emphasis added).
We agree with BDO that section 45.045 should have been applied in this case to preclude the discovery in aid of execution at issue. Rule 9.310(a) expressly authorizes modifications to its terms as "provided by general law." Here, that modification came by way of section 45.045. It is true that if the procedural elements of a statute "are found to intrude impermissibly upon the procedural practice of the courts, the legislative provisions would have to give way to the court rules and procedures." Kalway v. State, 730 So.2d 861, 862 (Fla. 1st DCA 1999). However we do not view section 45.045 as an intrusion into the practice and procedure of the judiciary. See State v. Raymond, 906 So.2d 1045, 1048 (Fla.2005) (stating that "[i]t is a well-established principle that a statute which purports to create or modify a procedural rule of court is constitutionally infirm," but at the same time observing that "matters of substantive law are within the Legislature's domain").
Rather, the fifty million dollar bond cap provided in subsection 45.045(1) concerns substantive rights to property and to appeal and not an impermissible intrusion on the procedural practices of the courts. See Smith v. Dep't of Ins., 507 So.2d 1080, 1092 n. 10 (Fla.1987) (observing "[i]n according defendants a conditional substantive right to pay judgments exceeding $250,000 in installments as the injured person's loss accrues, this section [the "Tort Reform and Insurance Act of 1986"] clearly creates *3 a substantive right and does not impermissively regulate procedural practice in Florida courts"); T.A. Enters., Inc. v. Olarte, Inc., 931 So.2d 1016, 1018 (Fla. 4th DCA 2006) ("Article V, section 4(b)(2) of the Florida Constitution grants a constitutional right to appeal `as a matter of right, from final judgments or orders of trial courts.' See also Bain v. State, 730 So.2d 296, 298-99 (Fla. 2d DCA 1999); Rothermel v. Florida Parole & Probation Comm'n, 441 So.2d 663, 665 (Fla. 1st DCA 1983)."); see also Caple v. Tuttle's Design-Build, Inc., 753 So.2d 49, 54-55 (Fla.2000) (holding that a statute giving a mortgagee the right to receive interest payments prior to final judgment of foreclosure was substantive, and that any procedural provisions therein were merely incidental to those rights); Smith, 507 So.2d at 1092 n. 10 (Fla.1987) (observing that when procedural sections are directly related to the substantive statutory scheme, then those provisions do not violate the separation of powers clause of the Florida Constitution); VanBibber v. Hartford Accident & Indem. Ins. Co., 439 So.2d 880, 883 (Fla.1983) (finding that a statute giving insurers the right to insert "no joinder" clauses in liability policies was substantive and within the Legislature's power to regulate the insurance industry, though it affected joinder of parties in courts); Kalway, 730 So.2d at 862 (holding that a statute which provided indigent prisoners the right to initiate judicial proceedings without payment of court costs and fees was substantive, and that the procedural aspects contained therein were not an intrusion into the practice and procedure of the courts).
Which brings us to St. Mary's Hospital, Inc. v. Phillipe, 769 So.2d 961, 965 (Fla. 2000), which we believe directly supports our conclusion in this case. In Phillipe, the Florida Supreme Court applied Rule 9.310's authorization to modify "by general law" to reject St. Mary's contention that subsection 766.212(2) of the Florida Statutes, which limits the ability of a medical malpractice defendant to stay an arbitration award, unconstitutionally infringes upon the Court's rule-making authority. We view the instant controversy as no more than a variation of that holding. Specifically, we believe that since the legislature holds the power to preclude stay of payment, it likewise holds the power to limit the amount required to secure a payment stay.[2]
Although the Phillipe court rested its analysis in part on the parties' agreement to arbitrate and the statutory provisions applicable to such an agreement, it cited the Fourth District's observation that the right to both judicial review and payment *4 of a monetary award are substantive rights. Id. at 963-64. Thus, we read Phillipe as supportive of our conclusion that the legislature acted within its authority in enacting the bond cap at issue. See DaimlerChrysler Corp. v. Hurst, 949 So.2d 279, 283 (Fla. 3d DCA), review denied, 962 So.2d 337 (Fla.2007) (observing that "validly enacted statutes are presumed constitutional").
Accordingly, we grant the motion for review, reverse the trial court's "Order Denying [BDO's] Motion to Quash Notice of Taking Deposition Subpoena Duces Tecum in Aid of Execution," and remand this matter with instructions that the trial court grant the motion to quash.
NOTES
[1] Article V, Section 2(a) of the Florida Constitution provides that the Florida Supreme Court "shall adopt rules for the practice and procedure in all courts."
[2] We note that by adopting section 45.045 in 2006, the Florida legislature has joined the legislatures of many other states in reforming the supersedeas bond requirements in civil cases by adopting bond caps, none of which have been held unconstitutional. See Ark. Code Ann. § 16-55-214 (2003) ($25 million cap); Colo.Rev.Stat. § 13-16-125 (2003) ($25 million cap); Ga.Code Ann. § 5-6-46 (2004) ($25 million); Haw.Rev.Stat. § 607-26 (2006) ($25 million cap); Ind.Code 34-49-5-3 (2002) ($25 million cap); Iowa Code § 625A.9 (2004) ($100 million cap); Ky.Rev.Stat. Ann. § 411.187 (2000) ($100 million cap); Mich. Comp. Laws § 600.2607 (2002) ($25 million cap); Minn.Stat. § 550.36 (2004) ($150 million cap); Mo.Rev.Stat. § 512.099 (2005) ($50 million cap); Neb.Rev.Stat. § 25-1916 (2004) ($50 million cap); N.C. Gen.Stat. § 1-289 (2003) ($25 million cap); N.D. Cent.Code § 28-21-25 (2005) ($25 million cap); Ohio Rev.Code Ann. § 2505.09 (2002) ($50 million cap); S.D. Codified Laws § 15-26A-26 (2003) ($25 million cap); Tenn.Code Ann. § 27-1-124 (2003) ($75 million cap); Tex. Civ. Prac. & Rem.Code Ann. § 52.006 (Vernon 2003) ($25 million cap); Va.Code Ann. § 8.01-676.1 (2005) ($25 million cap); W. Va.Code § 58-5-14 (2007) ($50 million cap); Wis. Stat. § 808.07 (2003) ($100 million cap); Wyo. Stat. Ann. § 1-17-201 (2007) ($25 million).