WELLS, Judge.
 

 On Motion and Cross Motion for Review
 

 Banco Espirito Santo International, Ltd., ESB Finance, Ltd., and Banco Espir-ito Santo S.A. (Nassau Branch) (herein, Banco Espirito), the judgment creditors below, seek review of an order denying their request to compel judgment debtor BDO Seidman, LLP (herein, BDO) to comply with post-judgment discovery under section 45.045(3) of the Florida Statutes. On cross motion, BDO maintains that the trial court correctly denied the discovery sought, arguing that
 
 BDO Seidman, LLP v. Banco Espirito Santo International Ltd.,
 
 998 So.2d 1 (Fla. 3d DCA 2008)
 
 (“BDO I”),
 
 controls, mandating enforcement of the order under review. We agree with Banco Espirito that the court below misinterpreted both
 
 BDO I
 
 and section 45.045(3) in issuing a blanket denial of Banco Espirito’s request. Accordingly, we grant Banco Espirito’s motion, quash the order under review, and remand for consideration of the discovery request at issue in light of this opinion.
 

 Like
 
 BDO I,
 
 the instant dispute stems from a $511,089,343 judgment in Banco Espirito’s favor and deals specifically with interpretation and application of section 45.045, the statute pursuant to which BDO posted a $50 million supersedeas bond to stay execution.
 

 In that opinion, we addressed the constitutionality of section 45.045 and concluded that the legislature acted within its authority in imposing a cap on supersedeas bonds. We also concluded that the posting of a $50 million bond — the maximum bond permitted by section 45.045 — by BDO,
 
 *3
 
 stayed execution of Banco Espirito’s judgment, even though the amount posted did not equal the principal amount of Banco Espirito’s judgment ($511,089,343) plus twice the statutory rate of interest on judgments as provided by Florida Rule of Appellate Procedure 9.310.
 

 Finally, because we determined that the judgment was stayed by virtue of posting of the bond, we concluded that discovery in aid of execution was precluded:
 

 We agree with BDO that section 45.045 should have been applied in this case to preclude the discovery in aid of execution at issue. Rule 9.310(a) expressly authorizes modifications to its terms as “provided by general law.” Here, that modification came by way of section 45.045. It is true that if the procedural elements of a statute “are found to intrude impermissibly upon the procedural practice of the courts, the legislative provisions would have to give way to the court rules and procedures.”
 
 Kalway v. State,
 
 730 So.2d 861, 862 (Fla. 1st DCA 1999). However we do not view section 45.045 as an intrusion into the practice and procedure of the judiciary.
 
 See State v. Raymond,
 
 906 So.2d 1045, 1048 (Fla.2005) (stating that “[i]t is a well-established principle that a statute which purports to create or modify a procedural rule of court is constitutionally infirm” but at the same time observing that “matters of substantive law are within the Legislature’s domain”).
 

 BDO I,
 
 998 So.2d at 2 (emphasis added).
 

 BDO I
 
 did not, however, address discovery authorized by section 45.045(3) for the purpose of determining whether assets have been or are being dissipated during a stay authorized by section 45.045(1). In pertinent part, these provisions, read together, clearly do two things: first, they stay execution on any judgment where a $50 million supersedeas bond has been posted; and second, they authorize discovery to determine whether assets have been or are being dissipated or diverted while such a stay is in place:
 

 (1) ... [I]n any civil action brought under any legal theory, the amount of a supersedeas bond necessary to obtain an automatic stay of execution of a judgment granting any type of relief during the entire course of all appeals or discretionary reviews, may not exceed $50 million for each appellant, regardless of the amount of the judgment appealed....
 

 [[Image here]]
 

 (3) If an appellant has posted a superse-deas bond for an amount less than that which would be required for an automatic stay pursuant to Rule 9.310(b)(1), Florida Rules of Appellate Procedure, the appellee may engage in discovery for the limited purpose of determining whether the appellant has dissipated or diverted assets outside the course of its ordinary business or is in the process of doing so.
 

 § 45.045(1), (3), Fla. Stat. (2009).
 
 [1]
 

 Where, as here, a statute is free from ambiguity, its plain meaning must be followed:
 

 “Where the legislature has used particular words to define a term, the courts do not have the authority to redefine it.”
 
 *4
 

 Baker [v. State
 
 ], 636 So.2d [1342] at 1343-44 [ (Fla.1994) ]. Likewise, where the language of a statute is unambiguous and clear, there is no room for interpretation.
 
 See State v. Dugan,
 
 685 So.2d 1210, 1212 (Fla.1996) (“When interpreting a statute, courts must determine legislative intent from the plain meaning of the statute.”);
 
 St. Petersburg Bank & Trust Co. v. Hamm,
 
 414 So.2d 1071, 1073 (Fla.1982) (“The plain meaning of the statutory language is the first consideration.”);
 
 State v. Egan,
 
 287 So.2d 1, 4 (Fla.1973) (“Where the legislative intent as evidenced by a statute is plain and unambiguous, then there is no necessity for any construction or interpretation of the statute, and the courts need only give effect to the plain meaning of its terms.”).
 

 DM v. Dobuler,
 
 947 So.2d 504, 509 (Fla. 3d DCA 2006);
 
 see Koile v. State,
 
 934 So.2d 1226, 1230-31 (Fla.2006) (stating that where a statute is clear on its face, courts are not to look behind the statutes plain meaning for legislative intent or resort to rules of statutory construction to ascertain intent (quoting
 
 Daniels v. Fla. Dept. of Health,
 
 898 So.2d 61, 64-65 (Fla. 2005))).
 
 [2]
 

 BDO posted a $50 million superse-deas bond, a bond that was less than that which would be required for an automatic stay under Rule 9.310(b)(1). Banco Espir-ito was therefore entitled to “engage in discovery for the limited purpose of determining whether the appellant has dissipated or diverted assets outside the course of its ordinary business or is in the process of doing so.” § 45.045(3), Fla. Stat. (2009).
 

 
 *5
 
 Of course, section 45.045(3) should not be read as authorization for an unfettered fishing expedition through an appellant’s records,
 
 [3]
 
 which would amount to no more than discovery in aid of execution. Section 45.045(3) neither nullifies the protection provided by compliance with section 45.045(1) nor conflicts with our statements in
 
 BDO I.
 
 Rather, section 45.045(3) provides a
 
 narrow
 
 avenue for discovery for a limited stated purpose.
 

 Accordingly, Banco Espirito’s motion for review is granted. On remand, and after a careful review of the materials sought, section 45.045(3) discovery may be permitted, but only to the extent that the trial court determines that the discovery sought is “for the limited purpose of determining whether the appellant has dissipated or diverted assets outside the course of its ordinary business or is in the process of doing so.” § 45.045(3), Fla. Stat. (2009). The cross motion to enforce mandate is denied.
 

 [1]
 

 . Rule 9.310(b)(1) provides:
 

 (1)
 
 Money Judgments.
 
 If the order is a judgment solely for the payment of money, a party may obtain an automatic stay of execution pending review, without the necessity of a motion or order, by posting a good and sufficient bond equal to the principal amount of the judgment plus twice the statutory rate of interest on judgments on the total amount on which the party has an obligation to pay interest. Multiple parties having common liability may file a single bond satisfying the above criteria.
 

 [2]
 

 . We note, however, that the legislative history of this provision supports our analysis. Both House Bill 841 and Senate Bill 2250 were titled as acts limiting supersedeas bonds
 
 and
 
 providing for an exception to the limits imposed if an appellant engaged in conduct for the purpose of avoiding payment of a judgment. Fla. H.B. 841 (2006); Fla. S.B. 2250 (2006). Although these bills, which ultimately became section 45.045, changed as they passed through various House and Senate committees, the analysis of these provisions remained the same. The analysis in the House consistently was that the caps imposed by this provision "[would] not apply if the appellee can show that the appellant is moving assets in an attempt to avoid paying the judgment,” and if a defendant was acting in such manner "a court [could] require the defendant [to] post a supersedeas bond in the total amount of the judgment.” See Fla. H.R. Comm. On Civ. Just., HB 841 (2006) Staff Analysis h0841 (Mar. 6, 2006); Fla. H.R. Comm. On Civ. Just., HB 841 (2006) Staff Analysis h0841a (Mar. 9, 2006); Fla. H.R. Comm. On Bus. Reg., HB 841 (2006) Staff Analysis h0841b (March 14, 2006); Fla. H.R. Comm, on Bus. Reg., HB 841 (2006) Staff Analysis h0841c (rev. Mar. 17, 2006); Fla. H.R. Comm. On Just., HB 841 (2006) Staff Analysis h0841d (Apr. 21, 2006). The Senate's analysis also consistently stated that:
 

 [i]f bond is posted for less than the amount for an automatic stay under the Florida Rules of Appellate Procedure, the appellee may engage in limited discovery for the purpose of determining whether the appellant has dissipated or diverted assets outside the course of its ordinary business or is in the process of doing so. If the court determines that an appellant has dissipated or diverted assets or is in the process of doing so, the court may enter orders necessary to protect the appellee, require the appellant to post a supersedeas bond in an amount up to the amount that would be required for an automatic stay pursuant to Rule 9.310(b)(1), Florida Rules of Appellate Procedure, and impose other remedies and sanctions as the court deems appropriate.
 

 Fla. S. Comm. On Judiciary, SB 2250 (2006) Staff Analysis s2250 (Apr. 27, 2006).
 

 Thus, from the outset, the intent behind section 45.045 was plain: to cap supersedeas bonds at a set amount and permit an increase to that authorized by Rule 9.310(b)(1) where assets are being diverted or dissipated. As finally enacted, an appellant may take discovery for the limited purpose of demonstrating a diversion or dissipation that could support an increase in a bond beyond the statutory cap.
 

 [3]
 

 . This may well be a fair characterization of Banco Espirito’s first request for production of documents.