412 So.2d 343 (1982)
Richard A. McCARTHY and Margaret C. McCarthy, Appellants,
v.
Dr. Joseph MENSCH, Mercy Hospital, Inc., Dr. Sherif Shafey and the Florida Patients Compensation Funds, Appellees.
No. 58636.
Supreme Court of Florida.
March 18, 1982.
*344 Elihu H. Berman of Krug, Berman & Silverman, Clearwater, for appellants.
Robert C. Ward of Adams & Ward, Miami, for appellees.
Larry Klein, West Palm Beach, for The Academy of Florida Trial Lawyers, amicus curiae.
ALDERMAN, Justice.
This is an appeal by plaintiffs in a medical malpractice case from a final judgment of the Circuit Court of Dade County in favor of the defendants. Since, in reaching its decision, the trial court upheld the constitutionality of section 768.47(2), Florida Statutes (1979), and since this appeal was filed prior to the 1980 amendment to article V of the Florida Constitution, we have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution (1972). We affirm.
Plaintiffs, before suing defendants, complied with the provisions of Florida's medical mediation act. The medical mediation hearing panel found that the defendants were not actionably negligent. Subsequently, plaintiffs began this lawsuit and asked the trial court to instruct the defendants not to refer during trial to the hearing panel's finding of no actionable negligence. They argued that to permit the conclusion of the hearing panel into evidence as provided by section 768.47(2)[1] would be an unconstitutional deprivation of their right to a trial by jury and a denial of their right to due process. Plaintiffs' motion was denied. Defendants introduced the panel's decision into evidence and, in their final argument to the jury, commented on it. The court instructed the jury, as required by section 768.47(2), that the conclusion of the hearing panel was not binding but was to be accorded such weight as they choose to ascribe to it. The jury returned a verdict for the defendants.
*345 The constitutional history of Florida's medical mediation act is brief. As was stated in Carter v. Sparkman, 335 So.2d 802 (Fla. 1976), cert. denied, 429 U.S. 1041, 97 S.Ct. 740, 50 L.Ed.2d 753 (1977), at the time of its enactment, there was an imminent danger that a drastic curtailment in the availability of health care services would occur in this state. The legislature, recognizing the crisis and the consequential need for legislation, sought to resolve the crisis through enactment of chapter 75-9, Laws of Florida. These statutory provisions required compulsory mediation of medical malpractice claims and were intended to reduce the cost of malpractice insurance and ultimately medical expenses.
Taking judicial notice of the "crisis" in the area of medical care, we upheld the validity of the medical mediation act as a legitimate exercise of the state police power. In Carter, we stated that "[a]lthough courts are generally opposed to any burden being placed on the rights of aggrieved persons to enter the courts because of the constitutional guaranty of access, there may be reasonable restrictions prescribed by law." 335 So.2d at 805. But we also noted that "the pre-litigation burden cast upon the claimant reaches the outer limits of constitutional tolerance." Id. at 806.
Four years later, however, in Aldana v. Holub, 381 So.2d 231 (Fla. 1980), this Court found that the practical operation and effect of the statute rendered it unconstitutional in its entirety as a violation of the due process clauses of the United States and Florida Constitutions. The inherent inflexibility of the absolute jurisdictional periods led us to conclude that section 768.44(3) served to deprive the petitioners in Aldana of due process, and we held these jurisdictional periods to be arbitrary and capricious in operation and to cause the statute to be intractably and incurably defective. We said, however, that our decision in Aldana would have prospective application only:
In any case where the written decision of the medical mediation panel has been filed with the clerk of the court on or before the date this decision is filed (Feb. 28, 1980), a party may introduce that decision in evidence. In all other cases, medical mediation proceedings are hereby terminated and declared void as of the above filing date.
381 So.2d at 238.
The constitutional issues in the present case are whether the application of section 768.47(2) denied plaintiffs their right to a trial by jury, to due process of law, and to equal protection of the law. In resolving these issues, we find the decision of the United States Circuit Court of Appeals for the Fifth Circuit in Woods v. Holy Cross Hospital, 591 F.2d 1164, 1180 (5th Cir.1979), to be persuasive, and we agree with its rationale.
In Woods, an Ohio resident and the administratrix of the estate of her late husband brought a medical malpractice action against two Florida physicians, a hospital, and their malpractice insurers seeking damages pursuant to the Florida Wrongful Death Act. The federal trial court dismissed the action on the ground that plaintiff had failed to perform a condition precedent to her suit by not proceeding before a Florida medical mediation panel pursuant to the Florida medical mediation act. Plaintiff appealed, claiming that the admission into evidence of a hearing panel's findings on liability would so influence the jury that it would be unable independently to examine the question of liability, particularly since section 768.47 precludes the calling of panel members to testify regarding the merits of the case. This, she argued, would deny her right to a jury trial as provided by the seventh amendment of the United States Constitution. She also claimed that section 768.47 deprived her of due process and equal protection of the laws.
In finding the claimed denial of right to jury trial untenable, the Fifth Circuit noted that section 768.47(2) provides: "The jury shall be instructed that the conclusion of the hearing panel shall not be binding, but shall be accorded such weight as they choose to ascribe to it." The Court then held:

*346 The parties to a malpractice dispute are free to present the same witnesses and exhibits before the trial jury that they presented to the mediation panel, and the jury may draw its own conclusions from their testimony, even if in so doing it rejects the panel's finding. We observe that the United States Supreme Court has on several occasions approved the admission of expert findings into evidence before a jury and has consistently rejected seventh amendment challenges to such a procedure.
... .
The mere unavailability of panel members for testimony at the subsequent trial does not render section 768.47 unconstitutional.
591 F.2d at 1180. The Fifth Circuit also held that "the admissibility of mediation panel findings at a subsequent trial does not unduly affect the fairness of that trial and therefore does not constitute a due process violation." 591 F.2d at 1177. It also rejected plaintiff's contention that this section violated her right to equal protection of the laws.
We hold that section 768.47(2) does not contravene appellants' right to a trial by jury as guaranteed by article I, section 22 of the Florida Constitution. That right has not been abrogated by the statute; rather it has been specifically provided for therein. We also conclude that this section does not deny plaintiff due process of law.
Plaintiffs' final argument, that they were denied equal protection of the law because the defendants had the option of not participating in mediation while mediation was made mandatory for them, is without merit. We agree with the conclusion of the Fifth Circuit in Woods v. Holy Cross Hospital, 591 F.2d at 1175 n. 17, that this does not result in the denial of equal protection of the laws.
Accordingly, we affirm the judgment of the trial court.
It is so ordered.
SUNDBERG, C.J., and OVERTON and McDONALD, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] Section 768.47(2) provides:

(2) The conclusion of the hearing panel on the issue of liability may be admitted into evidence in any subsequent trial. However, no specific findings of fact shall be admitted into evidence at trial. Parties may, in the opening statement or argument to the court or jury, comment on the panel's conclusion in the same manner as any other evidence introduced at trial. If there is a dissenting opinion, the numerical vote of the panel shall also be admissible. Panel members may not be called to testify as to the merits of the case. The jury shall be instructed that the conclusion of the hearing panel shall not be binding, but shall be accorded such weight as they choose to ascribe to it.