ALTENBERND, Acting Chief Judge.
Keke and Richard Kahn appeal the trial court’s final judgment following a trial de novo pursuant to section 718.1255, Florida Statutes (Supp.1994). The judgment determines that their deck is a material alteration of their condominium unit at the Villas at *1030 Eagles Point and must be removed. It also awards the condominium association (the Association) attorneys’ fees. We must affirm.
The photographs and diagrams in the record establish that the Kahns built an attractive 9’ x 14’ deck as an addition to their condominium unit. This modest deck is on the side of the condominium and does not appear to obstruct any owner’s view or use of the property. Nevertheless, the deck was built without the Association’s approval and is a violation of the condominium declarations.
When the dispute between the Kahns and the Association first arose, the matter was referred to mandatory nonbinding arbitration pursuant to section 718.1255. The Department of Business and Professional Regulation conducted a hearing, and its hearing officer issued a 23-page final order requiring the Kahns to remove their deck.
The Kahns then filed this action in circuit court requesting a trial de novo under section 718.1255(4)(c). They attached to their complaint. a copy of the unfavorable arbitration final order, but argued to the trial judge that he could neither read nor rely upon this order in a trial de novo. The trial judge expressed his opinion that this procedure seemed odd, but agreed to accommodate the Kahns’ request. The trial court’s judgment following the trial de novo is much shorter than the administrative judgment, but reaches the same result.
On appeal, the Kahns argue that the Association can no longer force them to remove the deck because it did not file a counterclaim requesting that relief in the trial de novo. They also claim the Association was not entitled to attorneys’ fees in circuit court. We reject both arguments.
This mandatory nonbinding arbitration statute is similar, but not identical, to the statute requiring presuit arbitration of new motor vehicle “lemon law” claims. Compare § 718.1255(4)(c), Fla. Stat. (Supp.1994) with § 681.1095, Fla. Stat. (1995). Both statutes authorize a trial de novo without describing the effect of the arbitration judgment on the circuit court proceeding. The motor vehicle statute characterizes the circuit court proceeding as an “appeal,” whereas the condominium statute refers merely to filing a “complaint” for trial de novo. It is clear, however, that the party who loses in the condominium arbitration is the party obligated to file the complaint.
In cases involving new motor vehicle arbitration, the arbitration final order is disclosed to the trial court, and the party who files the circuit court action has the burden of persuasion to demonstrate some error in the administrative decision. Chrysler Corp. v. Pitsirelos, 689 So.2d 1132 (Fla. 4th DCA 1997); Mason v. Porsche Cars of North America, 621 So.2d 719 (Fla. 5th DCA), review denied, 629 So.2d 134 (Fla.1993). In such cases, the decision of the arbitrator stands unless reversed by the circuit court.
We conclude that the same procedures are appropriate in condominium arbitration. Section 718.1255(4) expressly provides that the final decision of the arbitrator shall be admissible in the circuit court trial de novo. Thus, the circuit court was entitled to review the arbitration final judgment and the Kahns had the initial burden of persuasion in circuit court. We do not need to determine which party had the burden of proof on any issue. Unless a circuit court reverses the arbitrator in the trial de novo, the arbitrator’s decision remains valid. The party who prevails in the arbitration does not need to file a counterclaim to re-establish the rights it obtained in the earlier order.
Because the Kahns did not obtain a “more favorable” result in the circuit court action, the Association is entitled to recover reasonable costs including attorneys’ fees in that action. § 718.1255(4)(d), Fla. Stat. (Supp. 1994). The Association is also entitled to appellate attorneys’ fees because section 59.46, Florida Statutes (1993), extends section 718.1255(4)(d) to appellate proceedings. See Cheek v. McGowan Elec. Supply Co., 511 So.2d 977 (Fla.1987).
Affirmed.
BLUE and FULMER, JJ., concur.