**Augustin MOREJON and Martha Morejon, Plaintiffs,**

v.

**AMERICAN SECURITY INSURANCE COMPANY, Defendant.**

Case No. 8:11–cv–2510–T–26TGW.

United States District Court,
M.D. Florida.

Dec. 9, 2011.

true

true

true

true

Michael Vincent Laurato, Robert M. Austin, Austin & Laurato, PA, Tampa, FL, for Plaintiffs.

Alaine S. Greenberg, Sara Levy, William R. Clayton, Brian H. Koch, Greenberg Traurig, LLP, Ft. Lauderdale, FL, for Defendant.

## ORDER

RICHARD A. LAZZARA, District Judge.

**THIS CAUSE** comes before the Court on Defendant's Motion to Stay Action Pending Completion of Neutral Evaluation Process and Incorporated Memorandum of Law with exhibits (Dkt. 6), Plaintiffs' Response in Opposition and Incorporated Memorandum of Law with exhibits (Dkt. 7) and Defendant's Reply with exhibit (Dkt. 14).

On September 29, 2011, Plaintiffs, Augustin and Martha Morejon, filed this lawsuit in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, against Defendant, American Security Insurance Company, for its alleged failure to pay for covered sinkhole damage to property located at 948 Allegro Lane, Apollo Beach, Florida 33603 (the "Property") under a homeowner's insurance policy. On November 4, 2011, pursuant to 28 U.S.C. §§ 1332 and 1446, Defendant timely removed the action to this Court on the basis of diversity jurisdiction.

In investigating Plaintiffs' sinkhole damage claim, Defendant received reports from two separate engineering firms indicating that sinkhole activity was not present at the Property. Plaintiffs also hired an engineering firm to investigate the property and that firm concluded that sinkhole activity was the primary cause of damage at the Property. Plaintiffs ultimately filed this lawsuit, which was served upon Defendant on October 20, 2011. On November 7, 2011, Defendant invoked the neutral evaluation process pursuant to section 627.7074 of the Florida Statutes.

In accordance with section 627.7074, Defendant now seeks to stay this action pending the resolution of the neutral evaluation process. Section 627.7074(4) provides that:

> Neutral evaluation is nonbinding, **but mandatory** if requested by either party. A request for neutral evaluation may be filed with the department by the policyholder or the insurer on a form approved by the department. . . .
> Filing a request for neutral evaluation tolls the applicable time requirements for filing for a period of 60 days following the conclusion of the neutral evaluation process or the time prescribed in s. 95.11, whichever is later.

(emphasis added). Moreover, section 627.7074(10) expressly provides that:

> Regardless of when noticed, ***any court proceeding*** related to the subject matter of the neutral evaluation ***shall be stayed***

pending completion of the neutral evaluation and for 5 days after the filing of the neutral evaluator's report with the court.

(emphasis added).

■ As Defendant asserts, the Florida Legislature explicitly enacted the neutral evaluation process to efficiently resolve sinkhole disputes, in order to accelerate the timeline by which sinkhole activity is mitigated, where verified at the property, and to minimize, if not avoid, the costs associated with unnecessary litigation. *See* Fla. Stat. § 627.7074, n. 1. Allowing a case to proceed without a stay during neutral evaluation would not serve the legislative purpose underlying the statutory requirement of neutral evaluation since it will make it more, not less, expensive to resolve a claim. *Cf. Edelson v. Soricelli*, 610 F.2d 131, 135 (3d Cir.1979) (enforcing state's arbitration requirement as a condition precedent to federal action based in diversity); *Clark v. Sarasota County Public Hosp. Bd.*, 65 F.Supp.2d 1308, 1313–14 (M.D.Fla.1998) (holding that conditions precedent to adjudication of a medical malpractice action were to be followed in a diversity action in federal court). As such, section 627.7074, when invoked, mandates the completion of the neutral evaluation process as a condition precedent to proceeding with litigation on any related matter until such time as the neutral evaluation process has been completed. The statute requires that any court proceeding related to the subject matter of the neutral evaluation shall be stayed pending completion of the neutral evaluation.

■ Plaintiffs urge that section 627.7074(10) is procedural in nature and, therefore, has no application in a case pending in federal court based upon diversity jurisdiction. Plaintiffs' argument is unfounded. It is established in this Circuit that where a condition precedent to proceed applies without discrimination to both state court and federal court actions, the *Erie*[1] doctrine requires that courts give effect to the condition precedent. *See Woods v. Holy Cross Hospital*, 591 F.2d 1164 (5th Cir.1979).[2] In *Woods*, the Court enforced a Florida statute requiring that medical malpractice claims be heard by a mediation panel prior to institution of court action, finding that the alternative dispute resolution process constituted a condition precedent to be enforced by a federal court sitting in diversity pursuant to *Erie*. The Court found that *Erie* requires federal courts to treat diversity claims in a manner that discourages forum shopping and to reach results identical to the state court, noting that as a condition precedent, the arbitration requirement in that case, did not differ materially from other preconditions that states may impose on a plaintiff's right to sue in state court, the applicability of which federal courts have recognized to diversity plaintiffs. *Woods*, 591 F.2d at 1168–1170. Therefore, the provisions of section 627.7074 do apply in this case.

■ Section 627.7074 provides a substantive right of parties to have a neutral evaluator review the claim and render a nonbinding report before the matter is adjudicated by a court. As Defendant asserts, the statute is substantive rather than procedural inasmuch as it will not

**1.** *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)

**2.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions issued by the former Fifth Circuit before October 1, 1981.

impact in any manner Plaintiffs' method of proceeding with litigation once the condition precedent of neutral evaluation is met. *See Caple v. Tuttle's Design–Build, Inc.,* 753 So.2d 49 (Fla.2000) (finding that procedural law encompasses the form, manner, means, method and steps to enforce substantive rights). Florida law is well-settled that substantive statutes may permissibly include procedural elements without violating the separation of powers clause. *Id.* at 54 (holding that the statute at issue creates substantive rights and any procedural provisions were directly related to those rights and did not infringe on the court's rulemaking authority); *Smith v. Dep't of Insurance,* 507 So.2d 1080, 1092 n. 10 (Fla.1987) (finding that when procedural sections are directly related to the substantive statutory scheme, then those provisions do not violate the separation of powers clause of the Florida Constitution).

In addition, the Florida Supreme Court has recognized that the Legislature can statutorily mandate parties to participate in alternative dispute resolution and that findings from such a proceeding can be admissible at trial. *See McCarthy v. Mensch,* 412 So.2d 343, 345 (Fla.1982). In *McCarthy,* the court upheld the admission of the mediation panel's findings into evidence, overruling plaintiffs' argument that the statute was unconstitutional. The Court specifically approved of the decision in Woods, finding that there was no valid constitutional challenge to the admissibility of a mediation panel's findings (from a statutorily mandated proceeding) in a subsequent trial. 412 at 346. Thus, the Florida Supreme Court expressly approved the type of statutory scheme created by the Legislature through the neutral evaluation statute. Plaintiffs' challenges to the constitutionality of section 627.7074 are without merit.

Contrary to Plaintiffs' position, there is also no "clash" between Rule 62 of the Federal Rules of Civil Procedure and section 627.7074 of the Florida Statutes. There is no federal rule that specifically governs requests for a stay before discovery or trial. Rule 62, which is cited by Plaintiffs, governs "stays pending enforcement of a judgment" and, thus, has no application to the instant lawsuit. Consequently, courts in this District have routinely stayed or closed cases pending completion of the neutral evaluation process. *See Ocasio v. American Sec. Ins. Co.,* No. 8:11–cv–02316–T–26MAP (Dkt. 11) (M.D.Fla. Oct. 26, 2011) (endorsed order "that the Clerk is directed to administratively close this case during the period of the stay, subject to the right of any party to file a motion to reopen"); *Gonzalez v. American Sec. Ins. Co.,* No. 8:11–cv–02199–T–27AEP (Dkt. 6) (M.D.Fla. Oct. 7, 2011) (ordering clerk to administratively close case during stay); *Agosto v. American Sec. Ins. Co.,* No. 8:11–cv–00790–T–17MAP (Dkt. 7) (M.D.Fla. May 2, 2011) ("ORDER granting Motion to stay pending the conclusion of the neutral evaluation process in accordance with § 627.707(11). Therefore, this case is administratively closed pending the outcome of the process."); *Gongora v. American Sec. Ins. Co.,* No. 8:11–cv–00821–T–30MAP (Dkt. 6) (M.D.Fla. Apr. 27, 2011) (holding "[t]his action is stayed pending completion of the Neutral Evaluation Process of the Property."); *Canales v. American Sec. Ins. Co.,* No. 8:09–cv–1335–T–33AEP, 2010 WL 2220066 (M.D.Fla. June 2, 2010).

**ACCORDINGLY,** it is **ORDERED AND ADJUDGED:**

Defendant's Motion to Stay Action Pending Completion of Neutral Evaluation Process (Dkt. 6) is granted. The parties are directed to engage in the Neutral Evaluation Process provided for in section 627.7074. The Clerk is directed to administratively close this case during the period

of the stay, subject to the right of any party to file a motion to reopen.