CRENSHAW, Judge.
State Farm Florida Insurance Company (State Farm) petitions this court for certio- *87 rari review of a nonfinal order from the circuit court ruling that section 627.7074, Florida Statutes (2010), is unconstitutional and prohibiting State Farm from conducting any further action on a neutral evaluation under the statute. We hold that the circuit court departed from the essential requirements of law by finding section 627.7074 unconstitutional. Accordingly, we grant State Farm’s petition and quash the circuit court’s order.

Background

Homeowners Jairo Buitrago and Nohora Buitrago filed a breach of contract action against their home insurance provider State Farm, alleging that State Farm failed to provide coverage and pay for damages sustained as a result of sinkhole activity on their property.[1] In response, State Farm filed an answer and affirmative defenses and moved to stay the proceedings so that it could conduct a neutral evaluation under section 627.7074 as an alternative procedure to resolve the Bui-tragos’ disputed claim. State Farm then requested a neutral evaluation, and pursuant to section 627.7074(4), the Department of Financial Services (the Department) assigned a neutral evaluator to conduct the nonbinding but mandatory evaluation.
The Buitragos objected to State Farm’s request for a neutral evaluation, alleging that section 627.7074 was unconstitutional because it violated the separation of powers doctrine by usurping the circuit court’s authority to adjudicate the disputed coverage issues. The Buitragos also contended that subsection (13) of the statute, which required that the neutral evaluator’s written recommendation be admissible in their action,[2] violated their due process rights by requiring the circuit court to consider a report that did not necessarily comply with the Florida Evidence Code. Therefore, they moved for an emergency protective order to block the neutral evaluation from proceeding.
After conducting a hearing on the parties’ motions, the circuit court entered an order denying State Farm’s motion to stay and granting the Buitragos’ motion for a protective order. The circuit court found that section 627.7074 unconstitutionally encroached upon the judiciary’s powers and, as such, directed the Department to cease and desist from taking any further action on the neutral evaluation regarding the Buitragos’ claim. In particular, the circuit court ruled that the neutral evaluation misappropriated its judicial authority by permitting the Department, as an executive agency, to become the trier of fact and by allowing the Department to adopt rules during the proceeding that may not comply with any formal rules of evidence or procedure.

Standard of review

This court may review an interlocutory order in a certiorari petition when the petitioner establishes “(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal.” Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648 (Fla. 2d DCA *88 1995). We must first examine the second and third prongs to determine our certio-rari jurisdiction. See DeLoach v. Aird, 989 So.2d 652, 654 (Fla. 2d DCA 2007). If the jurisdictional prongs are met, then we must determine whether the circuit court departed from the essential requirements of law. Fassy v. Crowley, 884 So.2d 359, 363 (Fla. 2d DCA 2004). This departure is more than a simple legal error; “[tjhere must be a violation of a clearly established principle of law resulting in a miscarriage of justice.” Id. at 364 (citing Combs v. State, 436 So.2d 93, 95-96 (Fla.1983)). A clearly established principle of law includes a court’s interpretation or application of a statute or constitutional provision. Id. (citing Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 890 (Fla.2003)).

Discussion

The legislature explicitly enacted the neutral evaluation process under section 627.7074 “to efficiently resolve sinkhole disputes, in order to accelerate the timeline by which sinkhole activity is mitigated, where verified at the property, and to minimize, if not avoid, the costs associated with unnecessary litigation.” Morejon v. Am. Sec. Ins. Co., 829 F.Supp.2d 1258, 1260 (M.D.Fla.2011). If a sinkhole dispute was allowed to proceed in the circuit court without a stay during the neutral evaluation, or as here, by failing to hold any neutral evaluation, then the legislative purpose of the statute — mandating the completion of the neutral evaluation process as a condition precedent to proceeding with litigation on related matters — would not be accomplished. Id. And if the parties decided not to resolve the claim at the conclusion of the neutral evaluation, then State Farm would be unable to submit the recommendation of the neutral evaluator at subsequent proceedings because the circuit court’s order effectively prevents the neutral evaluation from ever being conducted. Hence, the circuit court’s prohibition materially harms State Farm for the remainder of the proceedings by preventing it from participating in a neutral evaluation process, the results of which could favor State Farm. Further, there is no method that would allow us to determine postjudgment how the absence of the neutral evaluation affected the outcome of the case. See, e.g., Baldwin v. Shands Teaching Hosp. & Clinics, Inc., 45 So.3d 118, 122 (Fla. 1st DCA 2010) (noting there was no postjudgment remedy to establish the effect of exclusion of discovery), review denied, 55 So.3d 1288 (Fla.2011).
Thus we are left to consider whether the circuit court’s ruling on the constitutionality of section 627.7074 departed from the essential requirements of law. Upon reviewing the constitutionality of a statute, this court is “ ‘obligated to accord legislative acts a presumption of constitutionality and to construe challenged legislation to effect a constitutional outcome whenever possible.’ ” Peninsular Props. Braden River, LLC v. City of Bradenton, 965 So.2d 160, 161 (Fla. 2d DCA 2007) (quoting Fla. Dep’t of Revenue v. City of Gainesville, 918 So.2d 250, 256 (Fla.2005)).
This court has already held that the stay provision of the statute “is sufficiently intertwined with substantive provisions so that [the requirement of a stay once a neutral evaluation is requested] is not an unconstitutional violation of separation of powers.” Cruz v. Cooperativa De Seguros Multiples De P.R., Inc., 76 So.3d 394, 398 (Fla. 2d DCA 2011). Moreover, the federal court in Morejon concluded that section 627.7074 was substantive in nature rather than procedural because the statute would not impact a plaintiff’s method of proceeding with litigation “once the condition precedent of neutral evaluation is met.” 829 F.Supp.2d at 1261. As such, *89 “Florida law is well-settled [sic] that substantive statutes may permissibly include procedural elements without violating the separation of powers clause.” Id. (citing Caple v. Tuttle’s Design-Build, Inc., 753 So.2d 49, 54 (Fla.2000)).
The Buitragos nonetheless aver that section 627.7074 violates the separation of powers by allowing a neutral evaluator appointed by an executive agency to encroach upon the authority of the judiciary. Yet “the Florida Supreme Court has recognized that the Legislature can statutorily mandate parties to participate in alternative dispute resolution and that findings from such a proceeding can be admissible at trial.” Morejon, 829 F.Supp.2d at 1261 (citing McCarthy v. Mensch, 412 So.2d 343, 345 (Fla.1982)). In McCarthy, the supreme court held that the medical mediation act of section 768.47(2), Florida Statutes (1979),[3] which allowed a party to introduce the hearing panel’s conclusion on the issue of liability at a subsequent trial, was not unconstitutional and did not abrogate any party’s right to due process because the statute did not contravene anyone’s right to a trial by jury. 412 So.2d at 346.
Similarly, the supreme court ruled that the arbitration procedures under Florida’s Lemon Law, section 681.1095, Florida Statutes (1989), were constitutional because the arbitration did not prohibit an aggrieved party’s access to the court. See Chrysler Corp. v. Pitsirelos, 721 So.2d 710 (Fla.1998). Section 681.1095 initially required the consumer to submit his or her dispute before a six-member arbitration board. The board’s decision was final but could be appealed to the circuit court. § 681.1095(11). If appealed, the board’s decision was admissible in evidence, but the circuit court had to conduct a trial de novo. § 681.1095(10), (13). The supreme court concluded that the circuit court was not to afford the board’s decision a presumption of correctness but the decision was to be considered only as part of the evidence and given the appropriate weight by the fact-finder. Chrysler Corp., 721 So.2d at 711, 714. Thus, the arbitration provisions were constitutional because section 681.1095 did not require the trial court to presume that the arbitration board’s decision was correct; instead, the party appealing the arbitration board’s decision bore the burden of presenting its case in the “trial de novo appeal proceeding.” Id. at 714; see also Kahn v. Villas at Eagles Point Condo. Ass’n, 693 So.2d 1029, 1030 (Fla. 2d DCA 1997) (approving the utilization of condominium arbitration under section 718.1255, Florida Statutes (Supp. 1994), because the statute expressly provided “that the final decision of the arbitrator shall be admissible in the circuit court trial de novo”). Compare Chrysler Corp. 721 So.2d at 714, and Kahn, 693 So.2d at 1030, with Nationwide Mut. Fire Ins. Co. v. Pinnacle Med., Inc., 753 So.2d 55, 57 (Fla.2000) (holding the mandatory arbitration provision of section 627.736(5), Florida Statutes (1995), for PIP claims was unconstitutional because it violated the medical providers’ right of access to the courts to pursue breach of contract claims).
Upon reviewing the statute with a presumption of constitutionality, we conclude that section 627.7074 does not encroach on the circuit court’s judicial authority. As we have previously discussed, statutorily created alternative dispute resolution procedures like those in Chrysler Corp. have been found to be constitutional, and we find no basis to conclude that the neutral evaluation procedures outlined in section 627.7074 are unconstitutional in *90 this instance. Further, section 627.7074(13) merely states that the neutral evaluator’s written recommendation is admissible in a subsequent action. The subsection does not require the circuit court to be bound by the neutral evaluator’s recommendation, nor does it require the circuit court to place greater weight on the recommendation than on any other evidence. Moreover, the subsection does not deprive the circuit court of the ability to consider the admissibility of the neutral evaluator’s recommendation within the confines of chapter 90, Florida Statutes (2010). For example, the circuit court must still determine preliminary questions concerning the admissibility of the recommendation pursuant to section 90.105, and the court may consider possible exclusion on the grounds of prejudice or confusion pursuant to section 90.403. Accordingly, we hold that the Buitragos’ arguments fail and, as such, the circuit court departed from the essential requirements of law by finding section 627.7074 unconstitutional.[4] Because this departure resulted in a miscarriage of justice for State Farm, we grant the petition. The circuit court’s order is hereby quashed, and the case is remanded for further proceedings consistent with this opinion.
Petition granted; order quashed.
WALLACE and MORRIS, JJ., Concur.

. Prior to the Buitragos' filing of their complaint, State Farm had retained an expert to inspect their property. The expert issued a report which concluded that sinkhole activity did not cause the Buitragos' property damage. In contrast, the Buitragos’ expert found that sinkhole activity did cause structural damage.

. The recommendation of the neutral evaluator is not binding on any party, and the parties retain access to court. The neutral evaluator's written recommendation is admissible in any subsequent action or proceeding relating to the claim or to the cause of action giving rise to the claim.
§ 627.7074(13).

. This act was later repealed in 1985. See Ch. 1985-175, § 43 at 1225, Laws of Fla.

. We note that the legislature substantially revised section 627.7074 in 2011 and that the constitutionality of those revisions is not before us today. See Ch. 2011-39, § 27 at 579-83, Laws of Fla.