MORRIS, Judge.
David and Amanda Sanchez appeal a final judgment entered in favor of Royal Palm Insurance Company in the San-chezes’ action for breach of contract. Royal Palm insured the couple’s home when it suffered damage from a sinkhole. The dispute arose after Royal Palm’s engineering firm, AMEC-BCI (BCI), concluded that compaction grouting would be sufficient to repair subsurface damage, whereas the Sanehezes’ engineer concluded that full perimeter underpinning would be necessary in addition to the compaction grouting. Relying on their engineer’s opinion, the Sanehezes entered into a contract for the subsurface repairs with Champion Foundation Repair Systems and submitted the contract to Royal Palm for approval. Royal Palm rejected the contract, and the Sanehezes brought suit.
In the action below, Royal Palm denied it breached the contract, asserting that it had no obligation to pay benefits for subsurface repairs until the Sanehezes entered into a contract in accordance with BCI’s recommendations. Royal Palm then moved for partial summary judgment arguing that Florida law and the insurance contract required the Sanehezes to enter into a contract for subsurface repairs in accordance with BCI’s recommendations before any insurance benefits were due. The Sanehezes submitted the affidavit of *213 their engineer in opposition and argued that there was a material issue of fact as to the proper method of subsurface repair. The trial court ultimately agreed with Royal Palm and granted summary judgment.
The case proceeded to trial on the remaining issue of whether Royal Palm was obligated to pay further benefits for above-ground (cosmetic) damages. The jury returned a verdict in favor of Royal Palm.[1]
The facts of this case are very similar to the facts of Roker v. Tower Hill Preferred Insurance Co., 164 So.3d 690 (Fla. 2d DCA 2015). Indeed, we note that several of the same entities are involved in both cases. And because the arguments in this case are identical to the arguments made in Roker — a point which Royal Palm’s counsel conceded at oral argument — we find that Roker is controlling. Consequently, for the reasons explained in Roker, we reverse the final judgment in part and remand to the trial court for further proceedings.
Affirmed in part, reversed in part, -and remanded.
NORTHCUTT and LaROSE, JJ., Concur.

. Shortly after the loss was reported, Royal Palm issued a check for $8,894.54 to the Sanchezes for cosmetic damages. However, the Sanchezes obtained a second opinion indicating that the repairs for the cosmetic damages would total $61,314.21. On appeal, the Sanchezes initially challenged a trial court ruling made during the trial relating to their claim for further cosmetic damages. However, during the pendency of this appeal, the Sanchezes filed a notice of partial settlement noting that issue had been resolved. Thus, the only issue we now address is whether the trial court properly granted the partial final summary judgment on the issue of subsurface repairs.