NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

OLD DOMINION INSURANCE
COMPANY,

        Appellant/Cross-Appellee,

v.

JOSEPH TIPTON and RHONDA
TIPTON,

        Appellees/Cross-Appellants.

Case No. 2D18-24

Opinion filed April 26, 2019.

Appeal from the Circuit Court for Polk
County; Keith Spoto, Judge.

Andrew A. Labbe of Groelle & Salmon,
P.A., Tampa; and David R. Terry, Jr., of
Groelle & Salmon, P.A., Maitland, for
Appellant/Cross-Appellee.

George A. Vaka and Nancy A. Lauten of
Vaka Law Group, Tampa, for
Appellees/Cross-Appellants.


ROTHSTEIN-YOUAKIM, Judge.

        Old Dominion Insurance Company appeals an order denying its motion for

attorney's fees, which the trial court entered after Old Dominion prevailed at trial on

Joseph and Rhonda Tipton's breach-of-contract actions.  The Tiptons cross-appeal,

challenging the court's order granting Old Dominion's motion to deem admitted its

unanswered requests for admissions concerning attorney's fees.  We find no error with respect to the Tiptons' cross-appeal, but as set forth below, we reverse and remand for further proceedings with respect to Old Dominion's motion for attorney's fees.

On January 21, 2015, the Tiptons filed a complaint against Old Dominion for breach of contract in relation to a sinkhole claim.  On February 25, 2015, Old Dominion filed a notice of automatic stay pending completion of a neutral evaluation pursuant to section 627.7074, Florida Statutes (2014).  See § 627.7074(10) ("Regardless of when noticed, any court proceeding related to the subject matter of the neutral evaluation shall be stayed pending completion of the neutral evaluation and for 5 days after the filing of the neutral evaluator's report with the court.").  The stay was lifted on May 5, 2015, and filings resumed.  Among other things, the Tiptons amended their complaint and Old Dominion answered and raised affirmative defenses.

On June 2, 2015—132 days after the Tiptons had filed suit—Old Dominion served the Tiptons with a proposal for settlement.  On June 10, 2015, the Tiptons moved to strike the proposal, contending that it was both premature in light of the stay and not made in good faith.  They did not seek any extension of time to accept the proposal pending the outcome of their motion.

The trial court agreed that the proposal was premature, and on July 27, 2015—well after the thirty-day time period for the Tiptons to accept the proposal had elapsed, see Fla. R. Civ. P. 1.442(f)(1)—the court granted the Tiptons' motion.  The court explicitly did not reach the Tiptons' contention of lack of good faith.

Ultimately, Old Dominion prevailed at trial and moved for attorney's fees based on the rejected proposal.  Relying on its previous order striking the proposal, the

trial court denied the motion for attorney's fees.  As to the merits of having struck the proposal, the court stated:  "I might make a different determination today, I would look into it, but the fact that I made that determination, there is some element of reliance.  However, also I think there's some element of it's stricken from the record rightly or wrongly, it's not there."  The court acknowledged that "had the proposal for settlement not been stricken, I would be considering that for fees."

Rule 1.442(b), provides, in pertinent part, that "a proposal to a plaintiff shall be served no earlier than 90 days after the action has been commenced."  Because rule 1.442 is in derogation of the common law rule that each party bear its own attorney's fees, its provisions must be strictly construed, Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So. 2d 276, 278 (Fla. 2003), and so a premature proposal is invalid, Design Home Remodeling Corp. v. Santana, 146 So. 3d 129, 133 (Fla. 3d DCA 2014); Regions Bank v. Rhodes, 126 So. 3d 1259, 1261 (Fla. 4th DCA 2013) ("Under Rule 1.442, any premature offer is an invalid offer.").

The Tiptons argue that the stay of court proceedings under section 627.7074(10) pending neutral evaluation also stayed the ninety-day waiting period for serving the proposal, rendering the proposal roughly thirty days' premature and therefore invalid.  They reason that "[a] proposal for settlement is without a doubt a part of a court proceeding and a matter related to the sinkhole litigation"; that the legislative purpose behind section 627.7074 is "to efficiently resolve sinkhole disputes . . . and to minimize, if not avoid, the costs associated with unnecessary litigation," State Farm Fla. Ins. Co. v. Buitrago, 100 So. 3d 85, 88 (Fla. 2d DCA 2012) (quoting Morejon v. Am.

Sec. Ins. Co., 829 F. Supp. 2d 1258, 1260 (M.D. Fla. 2011)); and that refusing to stay the waiting period for serving a proposal for settlement would frustrate that purpose.

Regardless of whether the serving of a proposal is a "court proceeding," however, the ninety-day waiting period mandated before one may be served is not—it is a rule of civil procedure.[1] By its plain language, therefore, section 627.7074(10) does not stay that period. Moreover, there is nothing within rule 1.442 indicating that a stay under section 627.7074(10)—or the operation of any other statute or rule, for that matter—concomitantly stays that period. The rule simply provides that "a proposal to a plaintiff shall be served no earlier than 90 days after the action has been commenced," Fla. R. Civ. P. 1.442(b), and "[e]very action of a civil nature shall be deemed commenced when the complaint . . . is filed," Fla. R. Civ. P. 1.050.

We reject the Tiptons' contention that interpreting section 627.7074(10) in this manner would lead to a result clearly contrary to the legislative intent behind the neutral evaluation procedure, which is to facilitate the timely and cost-effective resolution of sinkhole disputes. See Buitrago, 100 So. 3d at 88 ("The legislature explicitly enacted the neutral evaluation process under section 627.7074 'to efficiently resolve sinkhole disputes, in order to accelerate the timeline by which sinkhole activity is mitigated, where verified at the property, and to minimize, if not avoid, the costs associated with unnecessary litigation.' " (quoting Morejon, 829 F. Supp. 2d at 1260)); see also State v. Burris, 875 So. 2d 408, 410 (Fla. 2004) ("When a statute is clear, courts will not look behind the statute's plain language for legislative intent or resort to

---

[1]We reiterate that when Old Dominion served the Tiptons with the proposal, the stay under section 627.7074 had been lifted, and so we do not address the propriety, or lack thereof, of serving a proposal during the stay period.

rules of statutory construction to ascertain intent. Instead, the statute's plain and ordinary meaning must control, unless this leads to an unreasonable result or a result clearly contrary to legislative intent." (citing Lee Cty. Elec. Coop., Inc. v. Jacobs, 820 So. 2d 297, 303 (Fla. 2002))). The very purpose of a proposal for settlement is to facilitate settlement and to avoid the costs associated with unnecessary litigation. State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So. 2d 1067, 1078 (Fla. 2006) ("A proposal for settlement is intended to end judicial labor, not create more." (quoting Nichols v. State Farm Mut., 851 So. 2d 742, 746 (Fla. 5th DCA 2003))). Consequently, it seems to us that the interpretation that the Tiptons urge—which would stay the ninety-day period and thus prolong the amount of time that a party must wait before serving a proposal for settlement—is the one contrary to legislative intent.[2]

We therefore hold that section 627.7074(10) does not stay rule 1.442(b)'s ninety-day waiting period for serving a proposal for settlement. Because Old Dominion served the Tiptons with its proposal more than ninety days after the Tiptons filed suit against Old Dominion, the trial court erred in striking the proposal as premature, and so we reverse the denial of Old Dominion's motion for attorney's fees on that ground and remand for further proceedings consistent with this opinion. With respect to the Tipton's cross-appeal, we find no error.

Affirmed as to cross appeal; reversed and remanded as to main appeal.

NORTHCUTT and SALARIO, JJ., Concur.

---

[2]The Tiptons summarily argue that the trial court nonetheless correctly denied Old Dominion's motion for attorney's fees because Old Dominion failed to file the proposal with the court as required by rule 1.442(d) and (i). Rule 1.442(i), however, does not mandate the filing of a proposal, and nothing in the record indicates that filing the proposal is necessary per rule 1.442(d) to enforce the provisions of rule 1.442.