456 So.2d 1291 (1984)
ASBURY ARMS DEVELOPMENT CORPORATION, d/b/a Asbury Arms, II, Appellant,
v.
FLORIDA DEPARTMENT OF BUSINESS REGULATIONS, DIVISION OF FLORIDA LAND SALES and CONDOMINIUMS, Appellee.
No. 83-2246.
District Court of Appeal of Florida, Second District.
October 3, 1984.
*1292 Anthony J. Abate and Daryl J. Brown of Abel, Band, Brown, Russell & Collier, Chartered, Sarasota, for appellant.
William A. Hatch and Sandra P. Stockwell, Dept. of Business Regulation, Tallahassee, for appellee.
OTT, Judge.
Appellee ("the Division") issued a final order concluding that a condominium unit purchaser may not waive the fifteen-day right to void an agreement for purchase provided in section 718.503, Florida Statutes (1983). We affirm.
Prior to amendment in 1984, section 718.503 provided, in pertinent part:
718.503. Disclosure prior to sale
(1) Contents of contracts.  Any contract for the sale of a residential unit or a lease thereof for an unexpired term of more than 5 years shall contain:
(a) The following legend in conspicuous type: THIS AGREEMENT IS VOIDABLE BY BUYER BY DELIVERING WRITTEN NOTICE OF THE BUYER'S INTENTION TO CANCEL WITHIN 15 DAYS AFTER THE DATE OF EXECUTION OF THIS AGREEMENT BY THE BUYER, AND RECEIPT BY BUYER OF ALL OF THE ITEMS REQUIRED TO BE DELIVERED TO HIM BY THE DEVELOPER UNDER SECTION 718.503, FLORIDA STATUTES. BUYER MAY EXTEND THE TIME FOR CLOSING FOR A PERIOD OF NOT MORE THAN 15 DAYS AFTER THE BUYER HAS RECEIVED ALL OF THE ITEMS REQUIRED. BUYER'S RIGHT TO VOID THIS AGREEMENT SHALL TERMINATE AT CLOSING.
* * * * * *
(2) Copies of documents to be furnished to prospective buyer or lessee.  Until such time as the developer has furnished the documents listed below to a person who has entered into a contract to purchase a residential unit or lease it for more than 5 years, the contract may be voided by that person, entitling the person to a refund of any deposit together with interest thereon as provided in s. 718.202. The contract may be terminated by written notice from the proposed buyer or lessee delivered to the developer *1293 within 15 days after the buyer or lessee receives all of the documents required by this section.
Appellant sold certain condominium units at auction. Prior to commencement of the auction, the auctioneer announced that bids would be accepted only if purchasers waived the right to void as provided in section 718.503. A bid by one Wasser was accepted. She executed a contract which included the statement required by section 718.503(1)(a). Attached to the contract was an addendum, also signed by Wasser. The addendum acknowledged that Wasser was familiar with the provisions of section 718.503(1)(a) and further acknowledged that the contract was not subject to cancellation or rescission.
Thirteen days after execution of the contract, Wasser's attorney advised appellant in writing that Wasser was exercising her right to void the contract. Appellant refused to refund Wasser's deposit, and Wasser complained to the Division.
At the conclusion of the administrative hearing procedure, the Division issued its final order finding that the waiver of the fifteen-day right to void was against public policy and that section 718.303(2)[1] prohibits the waiver of the said right. Because we agree with the former conclusion, we do not address the latter.
The Florida legislature, through chapter 718, Florida Statutes, has mandated procedures for the creation, sale, and operation of condominiums. Every condominium created or existing in Florida is governed by the provisions of chapter 718. This chapter, among other things, establishes rights and obligations as between purchasers and developers of condominiums. In our view, the fifteen-day right to void is designed as a cooling off period to protect the public in general from high pressure condominium sales situations. It allows the purchaser to review or check out the contents of the prospectus or offering statement required by section 718.504, to seek the advice of an attorney, or simply to reconsider the decision. The protection of a statute designed to protect the public as well as the individual cannot be waived by the individual.
Section 718.503(1)(a) was amended, effective October 1, 1984, to require additional language to be contained in a contract for sale. Ch. 84-368, § 18, Laws of Fla. Included in the new language is the statement, "Any purported waiver of these voidability rights shall be of no effect." This amendment concerns only the disclosures required to be made in the contract. The Legislature did not amend the substantive right of voidability found in section 718.503(2). This indicates that the Legislature did not intend to change the law but merely intended for condominium unit purchasers to be aware of the existing law. Also, this change was made before any cases construed the statute. See State ex rel. Szabo Food Services, Inc. of North Carolina v. Dickinson, 286 So.2d 529, 531 (Fla. 1973).
In conclusion, we hold that a condominium unit purchaser may not waive the fifteen-day voidability right. The Division's final order is AFFIRMED.
BOARDMAN, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] Section 718.303(2), Florida Statutes (1983), provides:

(2) A provision of this chapter may not be waived if the waiver would adversely affect the rights of a unit owner or the purpose of the provision, except that unit owners or members of a board of administration may waive notice of specific meetings in writing if provided by the bylaws. Any instrument given in writing by the unit owner to an escrow agent may be relied upon by an escrow agent, whether or not such instruction and the payment of funds thereunder might constitute a waiver of any provision of this chapter.