STONE, J.
We affirm a final judgment, notwithstanding Colorall Technologies, Inc.’s (Defendant) non-compliance with the Florida Sale of Business Opportunities Act, Fla. Stat., § 559.80, et. seq.
S.J. Business Enterprises, Inc. (Plaintiff) entered into a contract for the purchase of a Colorall business with Defendant. Plaintiff also entered into a license agreement with Defendant, wherein it agreed to purchase the exclusive license and rights to the name and logos of the licensor in five Florida counties. Plaintiff subsequently brought suit against Defendant claiming, among other things, that Defendant breached the Florida Sale of Business Opportunities Act by failing to provide Plaintiff with certain disclosure documents.
Following a final hearing, the trial court, pointing to paragraph eleven in the license agreement, concluded that Plaintiff waived any right to disclosure under sections 559.80 — 559.815 of the Act. The trial court stated:
I find that the waiver clause (paragraph II of the license agreement) was specifically negotiated, and knowingly and intelligently made a part of the agreement by the parties. The clause, which waives compliance with the [Florida Sale of Business Opportunities Act], is not prohibited by the Act, does not offend public policy, and is enforceable under the facts and circumstances in this case.
We recognize, as did the court in Asbury Arms Development Corporation v. Florida Department of Business Regulations, 456 So.2d 1291, 1293 (Fla. 2d DCA 1984), that “a statute designed to protect the public as well as the individual cannot be waived by the individual.” Id. There, the court affirmed a division of land sales and condominium order requiring compliance with a statute which established a cooling-off period during which condominium buyers could void their purchase. The court recognized that the law was designed to protect the public in general from high pressure sales techniques and to protect the individual buyer. See also American Cas. Co. v. Coastal Caisson Drill Co., 542 So.2d 957 (Fla.1989)(sub-contractors cannot waive bond provisions designed to benefit others in the public).
We deem Asbury Arms inapposite. The statute at issue contained two provisions which specifically prohibited a buyer’s waiving the fifteen-day right to void. Section 718.303(2), Florida Statutes, provides, “A provision of this chapter may not be waived if the waiver would adversely affect the rights of a unit owner or the purpose of this provision,” and section *771 718.503(l)(a), Florida Statutes, includes the statement, “Any purported waiver of these voidability rights shall be of no effect.” There is no similar provision prohibiting the use of a waiver in sections 559.80 — 559.815, Florida Statutes.
The disclosure required by the Florida Sale of Business Opportunities Act was undoubtedly designed to afford prospective buyers with the necessary information to make an informed and intelligent decision to purchase. However, there is no provision in the Act preventing the buyer from waiving the required disclosure. Had the legislature intended to prevent waiver of this provision, it could certainly have done so expressly.
The law has long recognized an individual’s right to waive statutory protections as well as constitutional or contractual rights. See, e.g., Gilman v. Butzloff, 155 Fla. 888, 22 So.2d 263 (1945). We are mindful that there are innumerable practical reasons why a business person or investor may need or desire to waive a right to which he/she is legally entitled.
We, therefore, affirm the judgment.
DELL and POLEN, JJ., concur.