LaROSE, Judge.
Francisco Cruz and Niurka Chirino (collectively, “the Homeowners”) petition for certiorari review of a nonfinal order denying their motion to lift a stay of proceedings in their lawsuit against their insurer, Cooperativa de Seguros Multiples de Puer-to Rico, Inc. Because petitioners have shown no irreparable harm, we dismiss the petition. See Jaye v. Royal Saxon, Inc., 720 So.2d 214, 215 (Fla.1998); Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 649 (Fla. 2d DCA 1995). Alternatively, the Homeowners petition for a writ of mandamus declaring that the mandatory stay provision of section 627.7074(11), Florida Statutes (2010), is unconstitutional. We deny the alternative petition; the stay provision is sufficiently intertwined with substantive provisions of the statute so that there is no unconstitutional usurpation of the Florida Supreme Court’s rulemaking authority. See art. V, § 2(a), Fla. Const.

Factual Background

After receiving the Homeowners’ sinkhole claim, Cooperativa recommended repair work at an estimated cost of about $60,000. The Homeowners responded *396 with a lawsuit for breach of contract. Coo-perativa invoked the “neutral evaluation” procedures set forth in section 627.7074, which provided, in pertinent part, as follows:
627.7074. Alternative procedure for resolution of disputed sinkhole insurance claims.—
(4) Neutral evaluation is nonbinding, but mandatory if requested by either party. A request for neutral evaluation may be filed with the department [of Financial Services] by the policyholder or the insurer on a form approved by the department.
(5) Neutral evaluation shall be conducted as an informal process in which formal rules of evidence and procedure need not be observed.... All parties shall participate in the evaluation in good faith.
(6) The insurer shall pay the costs associated with the neutral evaluation.
(7) Upon receipt of a request for neutral evaluation, the department shall provide the parties a list of certified neutral evaluators. The parties shall mutually select a neutral evaluator from the list and promptly inform the department. If the parties cannot agree to a neutral evaluator within 10 business days, the department shall appoint a neutral evaluator from the department list.... The neutral evaluation conference shall be held within 45 days after the receipt of the request by the department.
(11) Any court proceeding related to the subject matter of the neutral evaluation shall be stayed pending completion of the neutral evaluation.
(18) The recommendation of the neutral evaluator is not binding on any party, and the parties retain access to court. The neutral evaluator’s written recommendation is admissible in any subsequent action or proceeding relating to the claim or to the cause of action giving rise to the claim.
(14) If the neutral evaluator first verifies the existence of a sinkhole and, second, recommends the need for and estimates costs of stabilizing the land and any covered structures or buildings and other appropriate remediation or structural repairs, which costs exceed the amount that the insurer has offered to pay the policyholder, the insurer is liable to the policyholder for up to $2,500 in attorney’s fees for the attorney’s participation in the neutral evaluation process ....
(15) If the insurer timely agrees in writing to comply and timely complies with the recommendation of the neutral evaluator, but the policyholder declines to resolve the matter in accordance with the recommendation of the neutral evaluator pursuant to this section:
(b) The insurer is not liable for attorney’s fees under s. 627.428 or other provisions of the insurance code unless the policyholder obtains a judgment that is more favorable than the recommendation of the neutral evaluator.
Section I of the insurance policy’s sinkhole loss coverage endorsement contained comparable language:
(E) Neutral Evaluation
Following receipt by us of a report from a professional engineer or professional geologist on the cause of loss and recommendations for stabilizing the land and building and foundation repairs, or if we deny your claim, either party may file a request with the Florida Department of Financial Services (the Department) for *397 neutral evaluation in accordance with the rules established by the Department. In this event, you and we shall mutually select a neutral evaluator from a list maintained by the Department. If you and we fail to agree to a neutral evaluator -within 10 business days, the Department shall appoint a neutral evaluator. The neutral evaluation conference shall be held within 45 days after receipt of the request by the Department. The recommendation of the neutral evaluator will not be binding on you or us.
We will pay the costs associated with the neutral evaluation.
G. Suit Against Us
No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within 5 years after the date of loss; except that the time for filing suit is extended for a period of 60 days following the conclusion of the neutral evaluation process or 5 years, whichever is later.
The statute and the policy contemplate no litigation during the neutral evaluation process.
Cooperativa moved to stay the lawsuit pending completion of the neutral evaluation. See § 627.7074(11). The Department provided a list of certified evaluators. See § 627.7074(7). Cooperativa chose five and asked the Homeowners whether they would agree to one of them and agree to a stay. The Homeowners balked. At the hearing on the motion to stay, the Homeowners argued that a stay was inappropriate because neutral evaluation likely would not be completed within forty-five days. See § 627.7074(7). The trial court granted the stay and directed the parties to govern themselves according to section 627.7074. Undeterred, the Homeowners moved for reconsideration, asserting that the mandatory stay provision, section 627.7074(11), was facially unconstitutional as a violation of the separation of powers doctrine— more particularly, an infringement of the Florida Supreme Court’s exclusive rule-making authority. The trial court denied the motion.
Cooperativa asked the Department to select a neutral evaluator because the Homeowners accepted none of Cooperati-va’s five choices. The Department assigned a succession of evaluators. See § 627.7074(7). The Homeowners rejected the first three. Cooperativa rejected the fourth. The Homeowners rejected a fifth. They advised Cooperativa that they would seek further judicial intervention before proceeding with neutral evaluation.
The Homeowners then moved to lift the stay, arguing that because the neutral evaluation did not occur within forty-five days from the Department’s receipt of the request, the statute no longer permitted the stay. The trial court denied the motion. The Homeowners filed the certiorari petition now before us.

Irreparable Harm

As a jurisdictional prerequisite to reviewing the merits of the certiorari petition, we must determine whether the Homeowners have demonstrated irreparable harm. See Jaye, 720 So.2d at 215; Parkway Bank, 658 So.2d at 649; W. Fla. Reg’l Med. Ctr., Inc. v. See, 18 So.3d 676, 682 (Fla. 1st DCA 2009). Absent irreparable harm, we should dismiss the petition. See Jaye, 720 So.2d at 215. The Homeowners argue that by extending the period to complete neutral evaluation, the trial court denied them access to the courts. The argument rings hollow. Primarily, the policy provides for neutral evaluation. Thus, the Homeowners contractually waived immediate access to the courts. See Kaplan v. Kimball Hill Homes Fla., Inc., 915 So.2d 755, 761 (Fla. 2d DCA 2005) (“[T]he rights of access to courts ... *398 may be contractually relinquished, (quoting Global Travel Mktg., Inc. v. Shea, 908 So.2d 392, 398 (Fla.2005)).
Moreover, the Homeowners have a pending lawsuit and may continue with it upon completion of the neutral evaluation. See § 627.7074(13) (“The recommendation of the neutral evaluator is not binding on any party, and the parties retain access to court[s].”). At most, the evaluation process delays litigation to promote an alternative method of resolution. Delay or inconvenience is insufficient to invoke cer-tiorari review. Jaye, 720 So.2d at 215 (holding assertions of time, effort, and expense of trying a case twice are not of the nature that demonstrate irreparable harm); DeLoach v. Aird, 989 So.2d 652, 654 (Fla. 2d DCA 2007) (holding time, inconvenience, potential difficulty, and expense insufficient to invoke certiorari jurisdiction) (citing Parkway Bank, 658 So.2d at 650 (holding expense and delay alone insufficient to support issuance of writ of certiorari)); Cuneo v. Conseco Servs., LLC, 899 So.2d 1139, 1140 (Fla. 3d DCA 2005) (holding mere expense and inconvenience does not constitute harm to permit certiorari review, even if the order departs from the essential requirements of law).
Accordingly, we dismiss the petition for writ of certiorari.[1]

Writ of Mandamus

The Homeowners request, alternatively, that we issue a writ of mandamus declaring section 627.7074 unconstitutional for violating the separation of powers doctrine. They argue that the automatic stay provision is a legislatively created procedural rule that is within the exclusive province of the Florida Supreme Court’s rule-making authority. Cooperativa responds that the stay provision is valid because it is intertwined with the substantive provisions of section 627.7074. The Homeowners contend that the neutral evaluation process cannot affect the underlying proceedings because the evaluation is not binding. Its nonbinding nature, however, means only that the parties do not have to accept the recommendation. The statute has other substantive consequences regarding admissibility of the recommendation in subsequent proceedings and liability for attorney’s fees. See § 627.7074(13), (15)(b). We agree that the stay provision is sufficiently intertwined with substantive provisions so that it is not an unconstitutional violation of separation of powers. See Peninsular Props. Braden River, LLC v. City of Bradenton, 965 So.2d 160, 162 (Fla. 2d DCA 2007). The statute reflects a legislative intent to encourage early resolution of a sinkhole claim where the parties disagree on valuation; the automatic stay and the other provisions of the statute combine to facilitate this intent. We deny the petition for writ of mandamus.
Dismissed in part, denied in part.
VILLANTI and MORRIS, JJ., Concur.

. Even if we had certiorari jurisdiction, we would deny the petition. Although section 627.7074(11) states that the neutral evaluation "shall” be completed within forty-five days of the request, we find no support for the position that the lapse of that period bars any statutory or contractual policy right of Coo-perativa to neutral evaluation. This is particularly true where the record indicates that the Homeowners have obstructed the process. See § 627.7074(5). We also note that section 627.7074 does not impose a waiver or other penalty when a neutral evaluation is not completed within forty-five days. Its proviso that “[njeutral evaluation shall be conducted as an informal process in which formal rules of evidence and procedure need not be observed,” § 627.7074(5), suggests that the legislature intended no sanction for failure to strictly adhere to the time period.