BLACK, Judge.
Citizens Property Insurance Corporation (“Citizens”) seeks certiorari review of the trial court’s order denying it a stay pending neutral evaluation of the sinkhole claim that forms the basis for the underlying lawsuit. Citizens argues that the statute governing neutral evaluation mandates a stay of court proceedings and that the statutory right to neutral evaluation cannot be waived by participating in litigation. Based on the nature of the order on review and the relief requested, we treat Citizens’ petition as one for writ of certiorari, in part, and writ of mandamus, in part. The petition is granted.
I. Background
Citizens issued an insurance policy to Gary Trapeo in 2009. The policy was effective from December 2009 through December 2010. As the result of 2010 sinkhole damage to the property and a dispute between Citizens’ retained engineer and Mr. Trapeo’s retained engineer as to the appropriate remedial action, Mr. Trapeo filed a lawsuit against Citizens in March 2012. In December 2012, after engaging in discovery, Citizens filed a request for neutral evaluation with the Department of Financial Services (“Department”) pursuant to section 627.7074(4), Florida Statutes (2012). Section 627.7074 is titled “Alternative procedure for resolution of disputed sinkhole insurance claims.” The statute defines and establishes the right to neutral *674 evaluation along with the procedures for neutral evaluation. “Neutral evaluation” is defined as “the alternative dispute resolution provided in s. 627.7074.” § 627.706(2)(b).
Citizens also filed a “Notice of Automatic Stay” with the trial court, advising the court that it had filed its request for neutral evaluation with the Department and that section 627.7074 mandated a stay of the court proceedings “pending completion of the neutral evaluation and for 5 days after the filing of the neutral evaluator’s report with the court.” See § 627.7074(10).
In response, Mr. Trapeo filed a “Response and Objection to Defendant’s Notice of Stay of Litigation Pending Completion of Neutral Evaluation and Memorandum of Law.” Mr. Trapeo alleged that Citizens “waived its right to demand participation in [the Department’s] neutral evaluation program based upon its denials contained within its Answer, its assertion of Affirmative Defenses and its participation in this litigation for approximately ten (10) months.” In the memorandum of law, Mr. Trapeo argues that “Citizens failed to protect and safeguard its contractual right to neutral evaluation” and that “it has waived such right to participate in such process.”
In addition to the response, Mr. Trapeo filed a “Motion to Prevent the Retroactive Application of Florida Statutes 627.706 through 627.7074” and a motion to determine the constitutionality of section 627.7074. Neither of these motions is included in the records provided to this court but both are discussed in the transcript of the hearing on the objection to notice of stay. Only the former is relevant to our review.
At the hearing on the stay issue, Mr. Trapeo argued that Citizens waived its right to neutral evaluation based upon its participation in the circuit court litigation. Mr. Trapeo acknowledged that neutral evaluation is not only a contractual process but also statutory and that Citizens’ request was made pursuant to statute. He nonetheless argued that participation in neutral evaluation is a right that can be waived by litigating a case in court. Citizens countered with the argument that neutral evaluation is a statutory right which cannot be waived. It argued that neutral evaluation is unlike arbitration in that it is not an “opt out” of litigation. Citizens’ counsel also stated that he objected to his required presence at the hearing because the case should have been automatically stayed. Finally, Citizens argued that Mr. Trapeo’s analogizing waiver of neutral evaluation to a defendant waiving his right to jury trial was inapplicable because a criminal defendant must knowingly do so and in this case Citizens did not knowingly waive any right.
At the close of the hearing, the trial court specifically ruled that “like contractual rights, constitutional rights or anything else, [statutory rights] can be waived. And, in this case, by participating in discovery pursuant to the litigation [the right to neutral evaluation] was, in fact, waived.” The court “sustained the objection to neutral evaluation.” The written order provides that Mr. Trapeo’s objection is sustained “as [Citizens] waived its right to neutral evaluation when it participated in litigation” and that “the right to neutral evaluation, like any statutory or contractual right, can be waived and that waiver did occur in the instant action.”
II. Statute
Mr. Trapeo’s arguments and the court’s ruling confuse the central issue. First, Mr. Trapeo’s objection was to the stay but his argument centered on Citi *675 zens’ ability to request or participate in neutral evaluation. Second, the court’s order purports to sustain the objection to the stay but it also finds that neutral evaluation has been waived. As a result, the 2011 amendments to the neutral evaluation statute are intertwined with the issues presented in Citizens’ petition for writ of certiorari. Therefore before reaching the issues directly before us, we must consider whether the 2009 or 2012 version of section 627.7074 is applicable to this case.
Section 627.7074 was enacted in 2006 and substantially amended in 2011. The relevant amendment for our purposes was to the stay provision of the statute. Previously, section 627.7074 provided: “Any court proceeding related to the subject matter of the neutral evaluation shall be stayed pending completion of the neutral evaluation.” § 627.7074(11), Fla. Stat. (2006); see ch. 2006-12, § 29, Laws of Fla. (2006). Effective May 17, 2011, the stay provision was renumbered to section 627.7074(10) and substantively provided: “Regardless of when noticed, any court proceeding related to the subject matter of the neutral evaluation shall be stayed pending completion of the neutral evaluation and for 5 days after the filing of the neutral evaluator’s report with the court.” § 627.7074(10) (emphasis added); see ch. 2011-39, § 27, Laws of Fla. (2011).
Mr. Trapeo argues that the 2009 version of section 627.7074 is applicable in determining whether waiver occurred because Citizens issued his insurance policy in 2009. He also contends that Citizens was required to request neutral evaluation “at the beginning of the case” and that its failure to do so amounted to waiver. Citizens contends that the 2012 amended version containing the phrase “regardless of when noticed” is applicable.
“ ‘[T]he statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract.’ ” Menendez v. Progressive Express Ins. Co., Inc., 35 So.3d 873, 876 (Fla.2010) (quoting Hassen v. State Farm Mut. Auto. Ins. Co., 674 So.2d 106, 108 (Fla.1996)). However, procedural issues are governed by the laws in effect at the time the issues arise, for example, at the time suit is filed or at trial. See generally Alamo Renti-A-Car, Inc. v. Mancusi, 632 So.2d 1352, 1358 (Fla.1994) (“Procedural or remedial statutes ... are to be applied ... to pending cases.”); Sottilaro v. Figueroa, 86 So.3d 505, 508 n. 1 (Fla. 2d DCA 2012) (“[T]he issue on appeal is a procedural issue; thus, the statute in effect at the time of the trial is the applicable statute.”); Butler v. Bay Ctr./Chubb Ins. Co., 947 So.2d 570, 572 (Fla. 1st DCA 2006) (“[Procedural or remedial changes to law apply without regard to the date of a claimant’s accident.”).
Section 627.7074 contains both procedural and substantive aspects. The right to neutral evaluation is clearly substantive. State Farm Fla. Ins. Co. v. Buitrago, 100 So.3d 85, 88 (Fla. 2d DCA 2012) (quoting Morejon v. Am. Sec. Ins. Co., 829 F.Supp.2d 1258, 1260-61 (M.D.Fla.2011) (“Section 627.7074 provides a substantive right of parties to have a neutral evaluator review the claim and render a nonbinding report before the matter is adjudicated by a court .... [T]he statute is substantive rather than procedural inasmuch as it will not impact in any manner Plaintiffs’ method of proceeding with litigation once the condition precedent of neutral evaluation is met.”)). However, the means by which neutral evaluation occurs are procedural. And although not expressly stated, this court has viewed the stay subsection of the statute as procedural: “[T]he stay provision is sufficiently intertwined with substantive provisions so that it is not an unconstitutional violation of separation of *676 powers.” Cruz v. Cooperativa De Seguros Multiples De Puerto Rico, Inc., 76 So.3d 394, 398 (Fla. 2d DCA 2011).
Staying litigation is a means to enforce neutral evaluation and “serve the legislative purpose underlying the statutory requirement of neutral evaluation.” Morejon, 829 F.Supp.2d at 1260. Section 627.7074(10) does not create new rights or impede existing rights; it is not substantive. And procedural statutes “should be applied to pending cases in order to fully effectuate the legislation’s intended purpose.” Smiley v. State, 966 So.2d 330, 334 (Fla.2007). Thus, the amended version of the stay provision of section 627.7074 applies to a lawsuit filed after its effective date and until and unless a procedural change is made during the pendency of the lawsuit. See Sottilaro, 86 So.3d at 508 n. 1.
III. Certiorari
 In reviewing an interlocutory order in a certiorari proceeding, this court must first determine whether the lower court’s ruling causes “material injury for the remainder of the trial” which “cannot be corrected on postjudgment appeal,” giving this court certiorari jurisdiction. Parkway Bank v. Fort Myers Armature Works, Inc., 658 So.2d 646, 648 (Fla. 2d DCA 1995). Provided the jurisdictional prongs are met, we next consider whether the lower court departed from the essential requirements of the law. Buitrago, 100 So.3d at 88 (citing Fassy v. Crowley, 884 So.2d 359, 363 (Fla. 2d DCA 2004)). “[T]he law is clear that certiorari relief is intended to be available only in very limited circumstances .... ” Nader v. Fla. Dep’t of Highway Safety & Motor Vehicles, 87 So.3d 712, 722 (Fla.2012). “It is only in exceptional cases, such as those where the lower court acts without or in excess of jurisdiction, or where the interlocutory order does not conform to the essential requirements of law” that certio-rari relief is appropriate. Kauffman v. King, 89 So.2d 24, 26 (Fla.1956). The failure to conform to the essential requirements of the law has often been rephrased as “a violation of a clearly established principle of law resulting in a miscarriage of justice.” See, e.g., Custer Med. Ctr. v. United Auto. Ins. Co., 62 So.3d 1086, 1092 (Fla.2010); Combs v. State, 436 So.2d 93, 95 (Fla.1983).
A. Jurisdiction
The majority of Citizens’ petition for writ of certiorari addresses the court’s failure to recognize the mandatory nature of the statute’s stay provision.[1] However, although the denial of the stay is based upon the court’s finding that neutral evaluation has been waived, the denial itself does not meet the jurisdictional prongs of certiorari review. If neutral evaluation were to proceed in the absence of a stay, either party could still seek to introduce the neutral evaluator’s report in the circuit court case. See § 627.7074(13) (“The neutral evaluator’s written recommendation, oral testimony, and full report shall be admitted in any action, litigation, or proceeding relating to the claim or to the cause of action giving rise to the claim.”). The only damage would be the potential for increased costs and protracted litigation, and this is tacitly acknowledged by *677 Citizens in its petition. Cf. Cruz, 76 So.3d at 397-98 (dismissing petition for writ of certiorari where motion to lift stay was denied and no irreparable harm had been shown). And “the continuation of litigation and any ensuing costs, time, and effort in defending such litigation does not constitute irreparable harm. Thus, the use of certiorari review is improper in such an instance.” Rodriguez v. Miami-Dade Cnty., 117 So.3d 400, 405 (Fla.2013).
To the extent that the trial court’s order in this case attempts to prohibit neutral evaluation through its finding that Citizens waived its right to the process, the order meets the jurisdictional prongs for certiorari review. See Buitrago, 100 So.3d at 88. “[T]he circuit court’s prohibition [of neutral evaluation under section 627.7074] materially harms [the petitioner] for the remainder of the proceedings by preventing it from participating in a neutral evaluation process, the results of which could favor [the petitioner].” Id.
B. Departure from the law
While “certiorari jurisdiction cannot be used to create new law where the decision below recognizes the correct general law and applies the correct law to a new set of facts to which it has not been previously applied[,] ... [t]his does not mean ... that clearly established law consists only of prior judicial precedent.” Nader, 87 So.3d at 723. As reiterated in Nader,
[the supreme court has] held that “ ‘clearly established’ law can derive from a variety of legal sources, including recent controlling case law, rules of court, statutes, and constitutional law.” Accordingly, a district court may grant a writ of certiorari after determining that the decision is in conflict with the relevant statute, so long as the legal error is also “sufficiently egregious or fundamental to fall within the limited scope” of certiorari jurisdiction.
Id. (quoting Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 890 (Fla.2003)). Further, denial of a statutorily mandated process may be grounds for certiorari relief. See Williams v. Oken, 62 So.3d 1129, 1135-36 (Fla.2011) (discussing the holdings of Globe Newspaper Co. v. King, 658 So.2d 518, 519-20 (Fla.1995)).
Citizens correctly argues that neutral evaluation, once requested, is mandatory. The trial court’s determination that neutral evaluation was waived conflicts with the express language of the statute. “Neutral evaluation is available to either party,” “supersedes the alternative dispute resolution process under s. 627.7015,” and is “mandatory if requested by either party.” § 627.7074(2), (3), (4). The statute’s language is compulsory; it repeatedly and almost exclusively directs that acts “shall” occur. There is no waiver provision and no timeframe for requesting neutral evaluation.[2] It is an optional but statutorily guaranteed process. That is, once the request for neutral evaluation has been filed with the Department, participation in neutral evaluation is mandatory and guaranteed. See § 627.7074(4); cf. Williams, 62 So.3d at 1135-36. Certiorari relief is appropriate because the trial court’s order purports to deprive Citizens of a statutory process to which it is entitled resulting in material harm. Cf. Williams, 62 So.3d at 1136-37. This conclusion is supported by language of the statute applicable at the time the lawsuit was filed. The 2012 statute specifically provides, “Regardless of *678 when noticed, any court proceeding related to the subject matter of the neutral evaluation shall be stayed pending completion of the neutral evaluation and for 5 days after the filing of the neutral evaluator’s report with the court.” § 627.7074(10) (emphasis added); cf. Cruz, 76 So.3d at 398 n. 1 (“We also note that section 627.7074 does not impose a waiver or other penalty when a neutral evaluation is not completed within forty-five days. Its proviso that ‘[njeutral evaluation shall be conducted as an informal process in which formal rules of evidence and procedure need not be observed,’ § 627.7074(5), suggests that the legislature intended no sanction for failure to strictly adhere to the time period.”). The statute provides neutral evaluation as both a potential precursor to litigation and as a parallel, contemporaneous process. It is not an “either or” or “opt out of litigation” procedure, unlike contractual arbitration provisions. Cf. ch. 682, Fla. Stat. (2011) (applying to those instances where the parties have an arbitration agreement). It is also not a process that occurs as part of a civil proceeding, unlike court-ordered mediation, nor is it a presuit requirement.
There has also been a departure from the essential requirements of the law in that the circuit court acted in excess of its jurisdiction. The circuit court does not have authority over the neutral evaluation process. The Department does. Chapter 627 is part of Florida’s Insurance Code. § 624.01, Fla. Stat. (2009). And as used in the code, “department” means the Department of Financial Services. § 624.05(1). Section 624.307 provides that the Department “shall enforce the provisions of this code and shall execute the duties imposed upon” it and “shall have the powers and authority expressly conferred upon it by, or reasonably implied from, the provisions of this code.” § 627.307(1), (2). It is clear that the legislature intended that the procedure for the neutral evaluation of sinkhole claims be administered through the Department. See State Farm Fla. Ins. Co. v. Colella, 95 So.3d 891, 893 (Fla. 2d DCA 2012) (“A request for neutral evaluation is actually made to the Florida Department of Financial Services.”). The Department certifies and maintains a list of qualified neutral evaluators; receives the request for neutral evaluations; may disqualify neutral evaluators; may appoint a neutral evaluator in cases where the parties cannot agree upon one; and has adopted rules of procedure for the neutral evaluation process. § 627.7074(1), (4), (7), (18); see also SB 408 (2011), Staff analysis (Jan. 24, 2011), http://www.flsenate.gov/ Session/Bill/2011/0408/Analyses/2011s0408. pre.bi.PDF (“Section 24. Amends, s. 627.7074, F.S., which provides the procedure for the neutral evaluation of sinkhole claims administered through the Department of Financial Services (DFS).”).
The right to request neutral evaluation through the Department stems from section 627.7074(4), which has remained unchanged since 2006. Section 627.7074(4) provides that neutral evaluation is mandatory if requested by either party. Whether a party can or has waived neutral evaluation is a determination within the Department’s authority and power, as reasonably implied from the statute’s express language. As a result, the circuit court is not in a position to determine whether neutral evaluation can or has been waived. This is true despite the fact that nothing in the applicable statute addresses waiver. Cf. Asbury Arms Dev. Corp. v. Fla. Dep’t of Bus. Regulation, 456 So.2d 1291, 1293 (Fla. 2d DCA 1984).
IV. Mandamus
We convert that portion of the certiorari petition addressing the trial court’s denial of a stay to a petition for *679 writ of mandamus and grant it. See Fla. R. App. P. 9.040(c). Citizens argues that the trial court is required to stay court proceedings related to the subject sinkhole once neutral evaluation is requested. It contends that a “plain reading of section 627.7074(10) provides for a non-discretionary, automatic stay of litigation, regardless of the stage of litigation or the extent of the parties’ litigation conduct without judicial approval,” and that “the trial court is without authority or requirement to act, whether before a lawsuit or after, to prevent the suspension of litigation.” It further argues that section 627.7074(4) supports its automatic stay position because “[fjiling a request for neutral evaluation tolls the applicable time requirements for filing suit” and the trial court is without power to order otherwise.
Mandamus relief is warranted. The language of the statute is mandatory, requiring that the court proceedings “shall be stayed pending completion of the neutral evaluation.” § 627.7074(10); see Fla. Caucus of Black State Legislators, Inc. v. Crosby, 877 So.2d 861, 863 (Fla. 1st DCA 2004) (“Because the legislature chose to use the word ‘shall’ ... the Department’s obligations are not discretionary.”). The circuit court is required to recognize the automatic stay created by section 627.7074. Staying the court proceedings is a ministerial act with no room for discretion and is also a duty imposed on the court by law. See Polley v. Gardner, 98 So.3d 648, 649 (Fla. 1st DCA 2012) (granting petition for writ of mandamus where statute governing confirmation of arbitration award contained mandatory language); cf. Lee Cnty. v. State Farm Mut. Auto. Ins. Co., 634 So.2d 250, 251 (Fla. 2d DCA 1994) (quashing writ of mandamus where action required discretion). Section 627.7074(10) is a dictate. And it provides a clear legal right as well as a duty. See Woodland v. Lindsey, 586 So.2d 1255, 1256 (Fla. 4th DCA 1991).
The notice of stay in this case was all that was necessary to effectuate the stay. Although not the issue presented to this court in Cruz, we consistently referred to the stay provision as “mandatory” and “automatic.” See 76 So.3d at 398 (“The statute reflects a legislative intent to encourage early resolution of a sinkhole claim where the parties disagree on valuation; the automatic stay and the other provisions of the statute combine to facilitate this intent.”). Further supporting the clear meaning of the statute, the Middle District “routinely stay[s] or close[s] cases pending completion of the neutral evaluation process,” treating the notice of stay as automatic or administrative. Morejon, 829 F.Supp.2d at 1261 (and cases cited therein); see, e.g., Gonzalez v. Am. Sec. Ins. Co., No. 8:11-CV-2199-T-27AEP, 2011 WL 8318490 (M.D.Fla. Oct. 7, 2011). The fact that the amended statute uses the phrase “regardless of when noticed” is also instructive. The legislature chose not to use the word “requested” or otherwise indicate that a motion for stay should be filed. Rather, the stay is to be noticed. This comports with the mandatory nature of neutral evaluation once it is requested. Finally, the 2011 amendment clarified that “[t]he mandatory stay of court proceedings pending completion of neutral evaluation is automatically lifted 5 days after the filing of the neutral evaluator’s report with the court.” SB 408, Staff analysis; cf. § 120.56(4)(b), Fla. Stat. (2011) (providing for stay of administrative proceedings during rulemaking process).
The statute also expressly states that “[n]eutral evaluation supersedes the alternative dispute resolution process under s. 627.7015.” § 627.7074(3). Section 627.7015 discusses its “nonadversarial alternative dispute resolution procedure” as a substi *680 tute for litigation where the dispute is resolved or as a precursor to litigation where it is not. See Fla. Ins. Guar. Ass’n, Inc. v. Shadow Wood Condo. Ass’n, 26 So.3d 610, 614 (Fla. 4th DCA 2009). There would be no need for neutral evaluation to supersede section 627.7015 if the two provided the same process.
V. Conclusion
Citizens’ petition for writ of certiorari is granted in part; the trial court’s order is quashed to the extent that it prohibits neutral evaluation pursuant to section 627.7074. The petition is converted, in part, to a petition for writ of mandamus and is granted. The trial court is directed to stay the circuit court proceedings pursuant to section 627.7074.
Petition granted; order quashed in part; remanded with directions.
NORTHCUTT and KHOUZAM, JJ., Concur.

. Although Citizens does not raise the issue, the court clearly departed from the essential requirements of the law by failing to consider the factors necessary to determine waiver of a right. To prove waiver, Mr. Trapeo was required to establish "the existence at the time of the waiver of a right, privilege, or advantage; the actual or constructive knowledge thereof; and an intention to relinquish that right, privilege, or advantage." See Winans v. Weber, 979 So.2d 269, 274 (Fla. 2d DCA 2007).

. We recognize the trial court’s concern that a notice of stay of litigation pending neutral evaluation could be filed on the eve of trial, thereby temporarily halting litigation at an inopportune time. However, the current language of the statute is clear.