ALTENBERND, Judge.
Citizens Property Insurance Corporation seeks certiorari review of the trial court’s order that denied Citizens a stay of action based upon the court’s finding that Citizens waived its right to neutral evaluation of the sinkhole claim upon which Marilyn Aguiar Bellas’s lawsuit was based. Citizens argues that the amended stay provision of the neutral evaluation statute that is set forth in section 627.7074(10), Florida Statutes (2011), mandates an automatic litigation stay; that the trial court erroneously concluded that Citizens’ participation in litigation constituted a waiver of its right to a stay; that the trial court departed from the essential requirements of the law; and that the order causes it irreparable injury not remediable on plenary appeal.
For the reasons expressed in Citizens Property Insurance Corp. v. Trapeo, 136 So.3d 670, 39 Fla. L. Weekly D245 (Fla. 2d DCA 2014), we (1) grant the petition for writ of certiorari, in part, and quash the trial court’s order to the extent that it prohibits Citizens from invoking the neutral evaluation process and (2) convert the petition for writ of certiorari, in part, to a petition for writ of mandamus, grant mandamus, and direct the circuit court to stay the underlying proceedings pending the completion of the neutral evaluation process. See also Citizens Prop. Ins. Corp. v. *1020 Hanos, — So.3d — (Fla. 2d DCA 2014); Citizens Prop. Ins. Corp. v. Finley, — So.3d—(Fla. 2d DCA 2014).
Certiorari petition granted; order quashed; mandamus petition granted with directions.
NORTHCUTT and VILLANTI, JJ., Concur.