BLACK, Judge.
Citizens Property Insurance Corporation (“Citizens”) seeks certiorari review of the trial court’s order sustaining Donna King’s objection to Citizen’s notice of stay pursuant to section 627.7074(10), Florida Statutes (2013), in the underlying breach of contract action brought by Ms. King against Citizens.
Ms. King filed her lawsuit against Citizens for breach of contract and damages for sinkhole losses to her property, which Citizens insured and for which Ms. King had a sinkhole policy. Prior to trial, Citizens invoked the statutory neutral evaluation process and filed a notice of stay with the trial court pursuant to section 627.7074(10). Ms. King filed an objection to the notice of stay, arguing that Citizens had waived its right to neutral evaluation by participating in litigation of the case in circuit court. She also contended that Citizens failed to comply with the neutral evaluation statute when it did not provide Ms. King with the statutorily mandated consumer information pamphlet notifying Ms. King of her right to participate in the neutral evaluation process. See § 627.7074(3). The trial court sustained Ms. King’s objection and found that Citizens “waived its right to neutral evaluation by actively participating in litigation.” The order did not address the argument that Citizens failed to comply with statutory and contractual notice requirements.[1]
As we did in Citizens Property Insurance Corp. v. Trapeo, 136 So.3d 670, 673 (Fla. 2d DCA 2014), to the extent the order under review prohibits Citizens from invoking the neutral evaluation process, we grant the petition and quash the order. See also Citizens Prop. Ins. Corp. v. Hanos, 161 So.3d 424 (Fla. 2d DCA 2014); Citizens Prop. Ins. Corp. v. Finley, 160 So.3d 1286 (Fla. 2d DCA 2014). Additionally, we treat the remaining portion of Citizens’ petition, challenging the denial of the automatic stay, as a petition for writ of mandamus and grant the petition. The trial court is directed to stay the underlying proceedings pending completion of neutral evaluation, as required by section 627.7074(10). See Trapeo, 136 So.3d at 680; Finley, 160 So.3d 1286; Hanos, 161 So.3d 424.
Certiorari petition granted; order quashed; mandamus petition granted with directions.
CASANUEVA and KHOUZAM, JJ., Concur.

. The appendix provided by Citizens includes a letter from 2011 in which Citizens accepted liability for the damage and attached the required pamphlet on neutral evaluation. It is unclear from the appendix, however, whether that document is included in the record below. Moreover, although the failure to notify argument was raised in the trial court and in the response brief here, the notification issue was not the basis for the trial court's ruling and is therefore not before this court.