NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

EZEQUIEL CUEVAS,                          )
                                          )
        Appellant,            )
                                          )
v.                                        )      Case No. 2D13-2230
                                          )
TOWER HILL SIGNATURE INSURANCE            )
COMPANY f/k/a Royal Palm Insurance        )
Company,                                  )
                                          )
        Appellee.             )
_____   )

Opinion filed January 30, 2015.

Appeal from the Circuit Court for
Hillsborough County; Michelle Sisco,
Judge.

Robert E. Biasotti and Annette Marie Lang
of Biasotti and Associates, St. Petersburg,
for Appellant.

Anthony J. Russo and Curt Allen of Butler
Pappas Weihmuller Katz Craig LLP,
Tampa, for Appellee.


BLACK, Judge.

Ezequiel Cuevas appeals the final summary judgment entered in favor of Tower Hill Signature Insurance Company[1] in a dispute over a sinkhole insurance claim. Because the trial court erred in finding that Mr. Cuevas' lawsuit was barred once Tower Hill initiated the statutory neutral evaluation process, we reverse and remand for further proceedings.

The facts relevant to our holding are few. Mr. Cuevas' home was insured under a policy issued by Tower Hill and included sinkhole coverage. Mr. Cuevas made a claim under his policy, and Tower Hill acknowledged the existence of an active sinkhole and stated Mr. Cuevas' policy provided coverage for the loss. Subsequently, both Tower Hill and Mr. Cuevas procured remediation proposals. The proposals suggested differing remediation approaches and markedly differing costs for remediation. As a result, Tower Hill initiated the neutral evaluation process pursuant to section 627.7074, Florida Statutes (2011). Shortly thereafter, Mr. Cuevas filed his lawsuit. Tower Hill filed motions for summary judgment; however, the trial court stayed the litigation, as required by section 627.7074(10). Following the conclusion of neutral evaluation, the stay was lifted and the trial court heard Tower Hill's Amended First Motion for Summary Judgment (Violation of Section 627.7074(10), Florida Statutes, and "Suit Against Us" Provision).

Tower Hill contended that section 627.7074 prohibits the initiation of judicial proceedings until the neutral evaluation process is complete. Further, it asserted that because Mr. Cuevas' policy specifically incorporated section

---

[1]Tower Hill Signature Insurance Company was formerly known as Royal Palm Insurance Company.

627.7074(10), making it a term and condition of the contract, Mr. Cuevas violated the "Suit Against Us" provision of his insurance contract when he prematurely filed suit. The "Suit Against Us" provision states that "[n]o action can be brought unless the policy provisions have been complied with and the action is started within five (5) years after the date of loss." Therefore, according to Tower Hill, Mr. Cuevas materially breached his policy and relieved Tower Hill of any further contractual responsibility.

Finding that Mr. Cuevas was required to participate in and complete the neutral evaluation process before filing suit and that his suit was filed prematurely and in contravention of both section 627.7074 and the insurance contract, the court granted final summary judgment in favor of Tower Hill. The summary judgment effectively released Tower Hill from its obligations under the insurance policy and foreclosed Mr. Cuevas from recovering his benefits.

Section 627.7074(10) provides as follows: "Regardless of when noticed, any court proceeding related to the subject matter of the neutral evaluation shall be stayed pending completion of the neutral evaluation and for 5 days after the filing of the neutral evaluator's report with the court."[2] This court has previously held that section 627.7074 "provides neutral evaluation as both a potential precursor and as a parallel, contemporaneous process" to judicial proceedings. Citizens Prop. Ins. Corp. v. Trapeo, 136 So. 3d 670, 678 (Fla. 2d DCA 2014). Thus, neutral evaluation is not a presuit requirement. Id. The plain language of the statute does not preclude the filing of a

---

[2]Although the difference in statutory language between the 2010 and 2011 versions of the stay provision of section 627.7074 has no effect on this case, we reiterate that the stay provision is procedural and appropriate for retroactive application. See Citizens Prop. Ins. Corp. v. Trapeo, 136 So. 3d 670, 676 (Fla. 2d DCA 2014).

lawsuit during the pendency of the neutral evaluation process. Cf. §§ 400.0233(3)(a), (providing that "[n]o suit may be filed for a period of 75 days after [presuit] notice is mailed to any prospective defendant"); 429.293(3)(a) (same); 766.106(3)(a), Fla. Stat. (2014) (providing that "[n]o suit may be filed for a period of 90 days after [presuit] notice is mailed to any prospective defendant"). And the trial court's finding otherwise was error. Because initiation of neutral evaluation does not preclude the filing of a lawsuit nor violate the stay provision of section 627.7074, it also does not violate the "Suits Against Us" provision of the insurance policy. Tower Hill was not entitled to judgment as a matter of law on these bases.

Accordingly, we reverse the final summary judgment in favor of Tower Hill and remand for further proceedings.

Reversed and remanded.


NORTHCUTT and CRENSHAW, JJ., Concur.